## HOARD v. THE CITY OF DES MOINES.

1. **Watercourses:** RIGHT OF PROTECTION FROM OVERFLOW. Every owner of land has a right to protect himself from overflow in times of flood by water from a river, even though, by excluding the water from his own premises, he deepens it between his land and the river; and, on the same principle, a city may protect its territory from overflow by the construction of a levee, and, in the absence of negligence, will not be liable to one who owns a lot between the levee and the river.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 8.

THE plaintiff, and other persons, are the owners of certain lots situated on and near the east bank of the Des Moines river, in the city of Des Moines. These lots have been subject to overflow in times of flood from the water of the river, and from the Coon river, which empties into the Des Moines river from the west. In 1880 the city authorities constructed an embankment or levee along the first street east of the plaintiff's lots, and nearly parallel with the river, This embankment was raised above high water mark, so as to prevent overflow from the rivers upon that part of the city lying east of the levee. The plaintiff claims damages; and he alleges that, before the levee was constructed, the water in times of overflow passed over his lots to the east, and was discharged across that part of the city, and into the river, some distance below the city. He claims that the levee causes the water to stand upon the lots between it and the river in times of floods, and that the lots are thus injured and damaged.

Some ten actions were brought in the names of different owners of lots. All of these actions were consolidated, and a jury was impaneled, and the plaintiff introduced his evidence. The court, on the motion of the defendant, instructed the jury to return a verdict against the plaintiff, upon the ground

that there was no evidence tending to prove a cause of action. Paintiff appeals.

*Bryan & Bryan,* for appellant.

*Williamson & Kavanaugh,* for appellee.

ROTHROCK, J.—It is not claimed that the city obstructed a natural stream by the erection of the levee. The most that can be claimed from the evidence is that, after the levee was constructed, the water in time of overflow was deeper on plaintiff's lots, because by the levee it was not permitted to overflow that part of the city east of the levee, and pass off in that direction. The evidence does not show that the levee could have been constructed upon the bank of the river, or between plaintiff's lots and the river. On the contrary, it is shown beyond question that the river bank is largely composed of sand, which for years has been cut away by the action of the water, so that, at the time the levee was built, some of the lots on the river bank had been partly washed away. At the time the levee was constructed, it could not have been located on the river bank without being built on private property, at least in part. The plaintiff complains that the defendant was negligent in constructing the levee on the line as located, but there is no evidence showing that it could have been constructed between the plaintiff's lots and the river. It was the undoubted right of the city to protect as much of its territory from overflow as could be protected. Every owner of land has a right to protect himself from overflow by water from a river, even though, by excluding the water from his own premises, he deepens it between his land and the river. It appears to us that what the plaintiff claims is, that he has the right to plant himself on low ground next to a river, and insist that overflow water shall pass over his land on to the land of other persons. That he has no such right requires neither argument nor authority to demonstrate.

AFFIRMED.