## MORRIS v. THE CITY OF COUNCIL BLUFFS.

1. **Cities and Towns:** GRADING STREETS: PROVIDING WAY OF ESCAPE FOR OVERFLOWING WATER. Water overflowing its channels is practically surface water, and a city in grading its streets is not obliged to provide adequate and permanent means of escape for such water, so as to keep it from flowing, on account of the grade, upon land not raised to grade. Compare *Freburg v. City of Davenport*, 63 Iowa, 119. An instruction herein to the contrary disapproved.

2. ———: CHANGE OF GRADE OF STREET: DAMAGES TO LOT-OWNER. Before a lot-owner can recover of a city for damages to improvements on his lot by reason of a change in the grade of a street, he must show, not only that the improvements were made according to the actual grade

of the street at the time, but that that grade was the one then estab-lished by the city.

3. **Instructions:** MUST COMFORM TO THEORY ON WHICH CASE IS TRIED. Instructions should be harmonious with the theory on which the case is tried. For a violation of the rule see opinion.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION to recover for an injury alleged to have been sus-tained by the overflow of water, caused by the raising of cer-tain streets without providing sufficient means for the escape of the water. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*G. A. Holmes,* for appellant.

*C. R. & E. H. Scott,* for appellee.

ADAMS, J.—The plaintiff owns and resides upon a certain lot in the city of Council Bluffs. The injury complained of was caused by the overflow of such lot. The plaintiff pur-chased and built upon the lot many years ago. It was on what might be called low ground, but it was a little higher than most of the land about it, which was generally not very far from level, and no great injury appears to have been suf-fered from the overflow of water until the injuries complained of, which occurred in 1883 and 1884. During these years there were some very large rainfalls. A stream called "Indian Creek," which runs within about a block of plaint-iff's premises, overflowed its banks, and the water therefrom, and surface water flowing from other directions, overflowed the plaintiff's lot and caused considerable damage. To what extent, if any, this would have happened if the surface of the ground in that neighborhood and the creek had been left in their natural condition it is impossible to determine. A

railroad company had built a bridge across the creek, which in time of very high water operated as a partial obstruction, and caused the creek to overflow, and certain streets in the neighborhood had been raised by embankments, which in time of flood obstructed the spread of the water, and caused it to accumulate on plaintiff's lot. Culverts, it is true, were constructed; but they were not sufficient to carry off all the water. The city in raising the streets only brought them to an established grade, but the plaintiff allowed his lot to remain about three feet below such grade. If he had raised his lot to the grade, the evidence tends to show that he would have sustained but little, if any, injury from any overflow which occurred.

I.   Upon this state of facts the court gave an instruction in these words:  " Under the laws of this state, the city of Council Bluffs has the legal right to establish the grade of its streets, and to fill such streets to the established grade; but in so doing it has no right to deprive others of their property rights in water-courses, or to injure them by badly-constructed and insufficient culverts obstructing the free flow of the water, without being liable therefor.   In this case, if you find from the evidence that the city filled Third avenue, Court and Sixteenth streets, and in so doing caused an increased flow of water from Indian creek over and upon the premises in controversy, and thereby the property of the plaintiff was damaged, then the defendant is liable therefor, unless you further find that the defendant and its employes used ordinary care in the construction of said grades and in furnishing sufficient culverts and passage-ways for the free flow of the water of Indian creek naturally flowing over said premises.   In cases of obstruction of natural water-courses, the good faith and honest judgment of the city authorities is no defense for constructing inadequate culverts and water-ways.   In such cases the defendant city must use ordinary diligence in guarding against, not only the ordinary flow of water in the stream,

1. CITIES and towns: grading streets: providing way of escape for overflowing water.

but also such as may be reasonably expected to occur. The principles of law above assumed do not, however, apply to mere surface water. The municipal authorities may exercise their powers in grading the streets of the city without being liable for the consequential damages caused to adjacent own-ers by mere surface water, unless such work is done with the intention of turning such water onto the adjacent owner."

The giving of this instruction is assigned as error. In our opinion the instruction cannot be sustained. There was no evidence that the city obstructed the water of Indian creek, so far as the channel was concerned. The only water of Indian creek which was obstructed by the defendant was the overflowed water abroad in the city. Such water is practically surface water. It occupies, temporarily, land used for other purposes. The right to divert or impede its flow is quite different from the right to divert or impede the flow of water in its channel. The Mississippi and Missouri rivers, in their great periodical rises, occupy for a few days, and sometimes longer, large tracts of valuable agricultural lands and portions of towns and cities. These overflows are more or less interfered with by the construction of levees, highways, railroads, buildings, etc. These structures sometimes deepen the overflow in other places, and sometimes retard or prevent a reflow. But it has never been held, so far as we are aware, that the same rule applies which is applicable to the obstruc-tion of a natural stream in its channel. Overflowed water is an outlaw, tending to interfere with the legitimate use of the land which it overflows. In the natural progress of improve-ments it may be expected that it will become more and more restricted.

The right of a land-owner to demand a spread or unre-stricted overflow for the purpose of lightening his own burden was expressly denied in *Hoard v. City of Des Moines*, 62 Iowa, 326. The plaintiff contends that he had a right to demand of the city protection even against surface water, and cites *Cotes v. City of Davenport*, 9 Iowa, 227, and *Ross v.*

*City of Clinton*, 46 Id., 606. But this court has never gone further than to hold that the city must provide temporary means of escape for surface water, if, indeed, it has gone that far. On the other hand, it has held that an owner of a lot below grade must take notice of any exposure. created by bringing a street to grade, and must exercise reasonable diligence to protect himself by bringing his lot to grade. *Freburg v. City of Davenport*, 63 Iowa, 119. The instruction in the case before us proceeds upon the theory that the defendant was bound to provide adequate and permanent means of escape for the water overflowing from Indian creek.

II. The court gave an instruction in these words: "It is claimed by the plaintiff that, before the establishment of the permanent grade of the streets adjacent to the property of the plaintiff by the municipal authorities of the defendant, he had made valuable improvements on his said premises, which have been damaged, as is alleged, by such change of grade. If you find from the evidence that the city of Council Bluffs prior to the time of the accruing damage to the plaintiff, if any, had established a grade for the streets and alleys of the city adjacent to the property of the plaintiff, and that, after such grade was so established, the plaintiff built or made any improvements on such street or alley according to the established grade, and that, after such improvements had been built or made, the said city altered such grade so established prior to the making of such improvements in such mannner as to injure or diminish the value of the plaintiff's property, then the defendant is liable to the plaintiff for the amount of such damage or injury caused by such alteration in the grade; but if the plaintiff's improvements were not made in accordance with the old grade, or if they were made prior to the establishment of any grade at all by the city on the said adjacent street and alleys, then the defendant is not liable on that account."

The giving of this instruction is assigned as error. We

<div style="margin-note">2. ——: change of grade of street: damage to lot-owner.</div>

have read and re-read with considerable care the argument of defendant's counsel upon this assignment of error, and have to confess that we do not understand what the objections are which he claims to have to the instruction. Under such circumstances we might feel justified, if we had not already found error in the case, in passing the instruction without expressing any opinion upon it. But as the case is to be remanded for retrial, we deem it proper to say that we do not discover any proper averment in the plaintiff's petition upon which the instruction can be based. The averment upon which we suppose the plaintiff relies is in these words: "During the years 1883 and 1884 the defendant caused the streets adjacent to his lot to be filled with large embankments of earth to a grade which said defendant established some five feet higher than the former grade, after all of plaintiff's said improvements had been built in accordance therewith." The plaintiff assumes that there was a former grade. What he meant by former grade is uncertain. He does not aver that any grade *was established*, and we are inclined to think that all that was meant by former grade was the surface of the street, as the same was constructed. He should have brought himself within the statute by averring that a grade was established, and that his improvements were made in accordance with it as established.

III. The court instructed the jury in these words: "The claim made in this case is not for a continuing nuisance for which damages may be recovered from time to time, but for a permanent injury to the plaintiff's real estate. If he is entitled to recover at all in this case under the pleadings and evidence, the measure of his damage is the difference between the market value of the property in question immediately prior to the injuries complained of and the market value after the same occurred." The giving of this instruction is assigned as error. If there had been any proper foundation for the recovery of damages for change of grade, the instruction, so far as it went,

3. INSTRUC-
TIONS: must
conform to
theory on
which case is
tried.

might be considered proper in regard to such damages. But the case was tried upon the theory that the city was bound to construct and maintain sufficient culverts to allow the spread of the overflowed water from Indian creek, and that there was evidence tending to show that thus far the culverts made had been insufficient. Evidence, too, was admitted tending to show the value of the premises for use as overflowed, and as subject to be overflowed, without any reference to their being raised to grade or change in its culverts.

Upon such theory of the case it appears to us that the instruction was erroneous. If it had been the defendant's duty to construct and maintain culverts sufficient to allow a spread of the overflowed water, the case should have been tried upon the theory that the defendant would, upon a judicial determination of its duty, proceed to put in and maintain the proper culverts; and if it did not, and other floods should occur, and more damage should be sustained by the plaintiff, the defendant would again be liable. We do not say that the case is one in which under any possible supposition the plaintiff can become entitled to maintain successive actions. We merely say that he might do so upon the theory upon which the case was tried in part, and that the instruction was inharmonious with that theory and prejudicial.

The judgment of the circuit court must be

REVERSED.