GILFEATHER v. THE CITY OF COUNCIL BLUFFS.

1. **Cities and Towns:** GRADING STREETS: OVERFLOWING WATER: DAMAGE TO LOT BELOW GRADE. A city or town, in grading its streets, is not bound to make and maintain sluiceways for the purpose of conducting overflowing water from lots below the established grade. The lot-owner must protect himself by raising his lot to grade. See cases cited.

2. **Practice on Appeal:** QUESTIONS NOT CONSIDERED WITHOUT ARGUMENT. This court will never, when it can be avoided, determine questions of law without the argument of counsel, and when there is no argument for appellee, only such questions will be considered as are necessary to determine the case.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, JUNE 22.

ACTION to recover damages sustained by plaintiff from defendant's careless construction of a ditch, and negligence

in failing to provide sluiceways to carry off water, and in permitting water-ways to become filled up, whereby plaintiff's lot was overflowed, and his buildings and well were injured, his trees and shrubbery destroyed. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*G. A. Holmes,* for appellant.

No appearance for appellee.

BECK, J.—I. One count of plaintiff's petition, the second, as a ground of recovery alleges, in effect, that defendant negligently and carelessly failed to provide sluice-ways in its streets and alleys in the vicinity of plaintiff's lots, to conduct the water therefrom, and negligently permitted such sluices to become and remain filled up; thereby causing water, mud and filth flowing upon his premises to accumulate and remain thereon. The defendant alleges in its answer, and the fact is established by the evidence, that plaintiff's lots were below the grade established by the city, and it is shown by the testimony that the injuries complained of by plaintiff were caused by the overflow of the waters of Indian creek, which runs very near, if not along, the line of plaintiff's lots. It is not necessary to recite other facts connected with the course, extent or nature of the injury, or the location and character of plaintiff's lots.

*1. CITIES and towns: grading streets: overflowing water: damage to lot below grade.*

II. Applicable to plaintiff's claim upon the pleadings and facts just stated, the circuit court gave to the jury instructions in the following language:

"*Seventh.* If, prior to the time of the alleged injury, the premises of the plaintiff were subject to temporary overflow from the high or back waters in Indian creek, and there were culverts or openings in the street of the defendant at or near the plaintiff's premises, through which such waters flowed off the plaintiff's premises, and the defendant, in making improvements upon such street, or in order to improve

the same, closed up the said culverts or openings, and the effect of closing such culverts or openings was to cause the waters to continue and remain upon the plaintiff's premises, it became and was the duty of the defendant to provide suitable means, by culverts or otherwise, to carry such water off the plaintiff's premises.

"*Eighth.* And if you find the foregoing facts to be established by the evidence, and further find that the defendant failed to make provisions, by culverts, or otherwise, for such water to escape from the plaintiff's premises, and that, by reason of such failure, such water accumulated and remained upon the plaintiff's premises, and thereby damaged the same, the plaintiff will be entitled to recover the amount of damages so caused."

III.   These instructions authorize the jury to find for plaintiff, notwithstanding his lots were below the established grade of the city.   The doctrine upon which they are based, if recognized by this court, would impose upon cities the duty of providing for the drainage of all lots within their borders which are below grade, and are exposed to overflow of neighboring streams.   One of the objects of an established grade is to prescribe a line for the surface of the streets which shall be above the limit of the overflow of the waters found within the cities.   There rests upon them no obligation to raise the lots of the citizen to the line of the grade of the streets.   They are not, therefore, charged with the duty of keeping such lots free from overflow water.   The lot-owners may escape annoyance or loss from overflow by filling their lots to grade, or, if it may be done, by constructing sewers and sluices to conduct away the water flowing upon their property.   The instructions, in that they hold defendant liable, although plaintiff's lots were below grade, are erroneous.   See *Morris v. City of Council Bluffs*, 67 Iowa, 343; *Hoard v. City of Des Moines*, 62 Id., 326.

IV.   Other questions presented by the case will not be considered, for the reason that, as there is no appearance for

2. PRACTICE
on appeal :
questions not
considered
without argu-
ment.

plaintiff, they have not been argued. We never, when it can be avoided, determine questions of law without argument; thereby recognizing the great aid derived from discussion by counsel. In such cases, upon the discovery of an error demanding reversal, we go no further; leaving other questions, if there be any, without consideration.

For the error in the instruction pointed out, the judgment of the circuit court is

REVERSED.