81    549
132   674

THE FULLERTON LUMBER COMPANY, Appellant, v. W. H. SPENCER, Appellee.

Attachment: WRONGFUL ISSUE: DAMAGES. In an action for the wrongful suing out of an attachment against property used only for the purposes of sale the owner is not entitled to recover, as damages, interest on the value of such property from the time of seizure, without a showing of any loss merely from the failure to have the property on hand.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

WEDNESDAY, OCTOBER 29, 1890.

ACTION on account for lumber, aided by attachment. Defendant admits the indebtedness as claimed, but, by way of cross-action, alleges that the attachment was wrongfully sued out, and the issues arise on defendant's counterclaim. The jury found specially that the writ was wrongfully sued out, and, by its general verdict, found for defendant in the sum of forty-one dollars and forty-nine cents, for which judgment was entered, and the plaintiff appeals.

*Stone & Owen*, for appellant.

No appearance for appellee.

GRANGER, J.—The plaintiff, by virtue of the attachment, seized a quantity of lumber which was kept for sale in a lumber-yard, and the court instructed the jury

that there was no depreciation in the value of the property taken, and that nothing could be allowed therefor. The court then said to the jury: "If you find that the property was for use only for the purposes of sale in a lumber-yard, then the value of the use would be interest at six per cent. per annum on the value of such lumber so taken for the time the same was withheld from defendant." Complaint is made of the rule given, and we think justly. There is no showing of any loss to defendant by the taking of the lumber merely because of a failure to have it on hand, that is, no sale of it was lost; and under the instruction of the court it must be regarded as not damaged. If the lumber had not been taken, defendant could not, in the nature of things, have kept the lumber on hand and received what the rule of the court gave him. If by the taking defendant was deprived of any use of the lumber, the value of such use is his damage. It is not of a class of property that the law presumes will be used in the sense of the use being of value to the owner barring that of its use for sale, and no claim is made of damage because of a loss of sale, and for such damage a different rule would apply. The general rule is, where personal property is wrongfully taken and detained for a time from the owner, the value of its use during such time. If it has no such value, the damage must be said to be nominal, and a rule of general damages that would give interest on the value in such a case is erroneous. The case must be reversed for the error indicated, and, as there is no appearance for appellee to aid us by a brief and argument, we do not consider other questions. See *McKern v. Albia*, 69 Iowa, 447; *Deeds v. Chicago, R. I. & P. Ry. Co.*, 69 Iowa, 164; *Gilfeather v. Council Bluffs*, 69 Iowa, 310; and *Dodd v. Scott, ante*, p. 319. The judgment below is REVERSED.