THE CITY OF CEDAR FALLS, Appellant, v. MADS HANSEN.

| 104 | 189 |
|-----|-----|
| 105 | 229 |
| 104 | 189 |
| 113 | 335 |
| 104 | 189 |
| 127 | 533 |
| 104 | 189 |
| 129 | 478 |

Waters: DIVERSION BY GRADING. An owner of a city lot has the right to bring his lot to grade although the flow of surface water may thereby be diverted to the lots owned by other persons.

ESTOPPEL. The owner of a city lot below grade does not by acquiescing in the construction by a city of ditch conveying surface water over his premises estop himself to obstruct the flow of the water in such ditch by raising his lot to grade.

*Appeal from Black Hawk District Court.*—Hon. A. S. Blair, Judge.

## Saturday, December 18, 1897.

The defendant is the owner of lots 6, 7, and 8, in block No. 5, Jackson Taylor's addition to the city of Cedar Falls. These lots front on State street, which runs north and south. Number 8 is the lot lying north and it borders on Thirteenth street, which runs east and west. Lots 7 and 6 are south of No. 8, and in the order named. It is made to appear from the petition that defendant has long used and occupied a house on lot No. 8, and that, of late, he has moved the same house onto lot No. 6, and has placed a foundation thereunder, and is about to bring said lot to a level of the street in front thereof, which is State street. It is further made to appear that across said lot 6 there is a natural depression, through which water has always flowed from higher land, lying to the north and west of said lots, to lower lands south of them; that the land to the north and west, drained by the depression, is about forty acres; that defendant has placed his house directly in the path of the water course; and that the completion of his work will obstruct the flow of the water along said course, and turn it back into the street, and onto the premises of the owners of many lots, and thereby create a public and private nuisance, to the damage of the plaintiff and others; and it is asked that the defendant be enjoined from making said obstruction. The answer admits most of the averments of the petition, but denies the conclusions pleaded, and it pleads other facts, some of which may be noted in the opinion. On the trial the court dismissed plaintiff's petition, and it appealed.—*Affirmed.*

*H. C. Hemenway* for appellant.

*Alfred Grundy* for appellee.

GRANGER, J.—It will be well to somewhat particularize the facts at the outset. It seems that north and west of the lots of defendant, many years ago, was a tract of some forty acres of land on which was a low place or basin that, because of surface water coming thereon from adjacent lands, made a pond, the overflow from which ran down across the lots of defendant, because of the natural lay of the ground. This natural passageway was not like the bed of a stream with defined banks, but such a hollow as to be followed by water, when flowing from the tract described. It may be said that, beyond question, it was surface water flowing only at times. This hollow or passageway for the water grew narrower in going south, till, on lot 6, it was comparatively narrow. The pond referred to we understand to have been filled by the city, but surface water still flows from the tract of land. The city, in 1871 and 1872, made improvements in this section, and in so doing made a ditch along the west side of lots 7 and 8, and turned the same in onto lot 6 for a short distance, so that the water passed from the ditch on lot 6 into the hollow or passageway we have described. Since the ditch was constructed the water has passed through it, and not across lots 7 and 8, except at times of the heaviest storms. The defendant has owned and occupied lots 7 and 8 since about 1871, and has owned lot 6 since 1884. The ditch constructed along the west side of the lots has been enlarged and kept in repair by the city since its construction. Since the ditch was made defendant has filled lots 7 and 8, and they have been used for gardening and a place for residence, and it is

the house thereon, in which defendant lived, that is now being placed on lot 6.

It is appellant's claim first "that the drainage channel of the basin constituted a water course, which neither the city nor any person may interrupt or obstruct to the damage of any other person who objects thereto." In support of this claim we are especially referred to Angel, Water Courses (6th ed.), sections 108a-108s, where the subject of ancient water courses is considered. This court in *Livingston v. McDonald*, 21 Iowa, 160, considered the question of surface water, and as we understand, followed the rule cited in Angel on Water Courses. The subject there, as here, was that of surface water. The rule of the Livingston Case is that the owner of the higher land has no right to collect the surface water into a ditch or drain in increased quantity, or in a manner different from the natural flow, and discharge it upon the land of another, even though it be done in the course of the improvement and use of his farm; but the owner of such higher land may, for the proper use of his farm, so drain his land of surface water as to divert it from going onto the lower land owned by another. These rules are well established. It is, however, said in that case that the rule is not laid down as applicable to town or city property. The later case, in this state, of *Freburg v. City of Davenport*, 63 Iowa, 119, deals with the rights of the city in the improvement of streets and abutting property owners as to surface water. It is true that the case does not present the precise question involved in this case, but it does present one as to the liability of the city for damage for negligence of the city in failing to provide sufficient outlets for surface water. Incidentally, the question of the rights of the city to bring its streets to grade, and the abutting property owner to bring his lot to grade, are involved and considered, with the conclusion that both have the right, and damage was denied

to the lot owner because of water being diverted from its natural course by the street improvement, because the city had the right to presume that the owner would bring his lot to grade, and thus protect himself from damages. The case plainly recognizes the rule that the city may, in bringing its street to grade, divert surface water from its natural course without liability for damage to abutting property not at grade. The recent case of *Knostman & P. Furniture Co. v. City of Davenport*, 98 Iowa, 589, is in some respects applicable, and is in line with the former cases. As facts in this case, we should have stated that the grade of State street had been established, and the lot in question was below it. The grading complained of was to improve the lot and bring it to grade. It is the law, then, that the city had the right to bring its street to grade, and in so doing it might discharge surface water on the lot, without liability, because defendant had not brought his lot to grade, as the city had a right to presume he would. It is to be remembered that the city in the improvement of its street, changed or diverted the water from its natural course across lots 7 and 8 and a part of lot 6, and it is now in the position of asserting a right for itself to change the course of the water on defendant's land, but denying to him the right to obstruct it. Conceding that the rights of the city and the individual may not always be the same it still remains that the city may not divert water to its liking, and say to the defendant, "You cannot improve your lot so as to interfere with the flow of water as it now is." It is the established right of the city, in the improvement of its streets, to turn surface water, even from its natural course, and owners of lots below grade cannot complain, because of their right to bring their lots to grade for protection. The same right must certainly belong to the lot owner,— that is he may exercise the right to brings his lot to grade; and, however these changed conditions may

affect the flow of surface water, he is not responsible for consequences, nor can he, to avoid consequences, be denied the right to improve and enjoy his property. The situation is within the rule, so often stated, that surface water is a common enemy against which all may contend. It would not do to apply to cities the general rule applicable to rural districts as to surface water. Such a rule is founded largely on the proper enjoyment of lands, with their natural formation, while in cities the use and enjoyment of real property is made to depend very much on changes prescribed by the constituted authorities. Municipal regulations necessitate the bringing down of higher land, and the bringing up of lower land, to grade. Appellant places some stress upon the rule as to easements, but we cannot see how it can base a right on such a claim. It is thought that the acquiesence of defendant in the construction of the ditch, and taking the advantage of it, should now prevent him from obstructing the flow of the water as fixed by the ditch and the regular channel. He could do nothing else than accept it. It was, as we have said, the city's right, so far as the street was concerned, to change the flow of surface water. The acquiesence was a legal necessity. The judgment must stand.—AFFIRMED.