ALMEDA E. BROUS, Appellee, v. THE WABASH RAILROAD COMPANY, Appellant.

**Injury to growing crops:**  MEASURE OF DAMAGES:  INSTRUCTION.  Injury
1  to growing crops by flood water is measured by their value as they stood in the field at the time of the injury, or by their value in a matured condition, less the reasonable expense of maturing and marketing them; and an instruction stating an erroneous rule for the measure of such damage is prejudicial.

**Same**  FLOODWATERS: OBSTRUCTION:  CHANGE IN CHANNEL.  A railway
2  company is liable for injury to growing crops from flood water, caused by a change in the course of a stream, although the obstruction causing the overflow occurred some distance below the land upon which the injured crops were situated, where the change in the channel rendered the stream less able to carry away the flood waters.

**Same:**  ACTION FOR INJURY TO GROWING CROPS:  WHO MAY SUE.  One in
3  possession of land and entitled to the growing crops can maintain an action for injury to the crops caused by wrongfully flooding the land, even though not holding the full legal title to the land.

**Same:** ACTION FOR DAMAGES: DEFENSES. Where a railway company by the construction of its road bed changed the channel of a stream, which resulted in flooding plaintiff's growing crops, the fact that the land was wild and unimproved at the time of the construction of the road would not constitute a defense to an action for damages for such injury; although the planting of crops, knowing to a moral certainty that they would be destroyed before maturity, would probably affect the measure of recovery.

**Same:** NEGLIGENCE: INSTRUCTION. In an action for injury to growing crops, bottomed upon the alleged negligent acts or omissions of defendant, the plaintiff must not only plead and prove the negligence of defendant but he must also establish his own freedom from contributory negligence; and an instruction authorizing recovery upon proof merely of defendant's negligence was erroneous.

**Same:** INDEPENDENT CONTRACTOR: LIABILITY OF MASTER. Where the construction of a railroad so changed the bed of a stream as to cause the flooding of plaintiff's land and injury to his crops, the fact that the work was done by an independent contractor was not a defense to an action against the railway company for the injury, in the absence of any showing that the work was not done in accordance with the plans and specifications of the company or its engineer; as the change was so obvious and notorious that it could not well have escaped the notice of the company.

**Same:** SUBMISSION OF ISSUES. Where there was evidence in an action for flooding plaintiff's crops that the obstruction to the stream causing the injury was further down the stream on the land of another, the defense of non-liability of defendant for that reason should have been submitted to the jury.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

THURSDAY, JULY 3, 1913.

ACTION at law to recover damages for injuries to land alleged to have been occasioned by the diversion of flood waters upon the premises of the plaintiff. There was judgment for plaintiff, and defendant appeals.—*Reversed.*

*Miller & Wallingford* and *Oliver H. Miller,* for appellant.

*S. B. Allen* and *A. H. Brous,* for appellee.

WEAVER, C. J.—As near as the issues may be extracted from the confusion of pleadings, amendments, and substitutes with which the record is burdened, they are as follows: Plaintiff alleges that in the year 1881 the defendant company constructed its right of way over land belonging to herself and other tenants in common who have assigned to her their rights and claims in the premises; that at the time of such construction there was a stream known as Brous creek running diagonally across the roadbed; that defendant then and there diverted the creek from its natural channel, and made the same to run parallel to the roadbed for a considerable distance to a point where it re-entered its natural bed or course. She further alleges that, when flowing in its natural course, said stream did not overflow its banks nor flood the adjoining lands, but that the new channel was constructed along higher levels, with the results that the waters of the stream from time to time overflow the land in question and injure and destroy the crops growing thereon, and that the danger of such overflows has been aggravated and increased by the failure of the defendant to keep said stream in its diverted course free from obstruction. She further alleges that, by reason of such acts and negligence on the part of the defendant, the crops on the lands in question have been injured and destroyed each year from and including 1905 to the year 1911 to an aggregate amount of $3,000, for which she demands judgment. The defendant answers, denying the allegations of the petition, and pleading the statute of limitations. It also alleges that other parties have an interest in the alleged cause of action, and have not been brought into the case either as plaintiffs or defendants. The issues were tried to a jury, and plaintiff recovered judgment in the sum of $275.

I. As it is not claimed that plaintiff failed to make a case for the jury, we shall not prolong this opinion to set out the testimony of the witnesses. It is enough to say that there was evidence from which the jury could find that the railway company—either the defendant or its grantor—did in constructing its roadbed divert the stream from its natural course,

and that by reason thereof the adjacent lands have at times been flooded by overflows therefrom. The injury, if any, thus sustained appears to have been to the crops grown or growing on the land as distinguished from any substantial injury to the land itself.

Exception is taken by the appellant to the trial court's instruction upon the measure of plaintiff's recovery in case she was found entitled to a verdict. So far as is necessary to make clear the point of this exception, the instruction reads as follows: "The measure of her damages is the difference between the fair, reasonable market value of the quantity of land which you find was overflowed each year from 1905 to 1910, inclusive, immediately before the overflow, and its fair reasonable market value as shown by the evidence immediately after such overflow." The rule thus stated cannot be approved. It is to be admitted that it finds color of support in some of our earlier cases, and that the subject is one upon which there has been no little confusion. More recently, however, the court has expressed its adherence to the rule by which when the injury is to growing crops damages are to be measured by their value in the field as they stood at the injury, or their value in matured condition less deductions for the reasonable expense of maturing and marketing the same. *Tretler v. Railroad Co.*, 147 Iowa, 375; *Blunck v. Railroad Co.*, 142 Iowa, 146.

The error in the court's charge with respect to the measure of damages is of a material character, and necessarily prejudicial.

II. There was evidence tending to show that the overflows of which complaint is made were to some extent the result of obstructions accumulating in the channel some distance below the point of overflow and on the premises of a third person, and it is the contention of the appellant that it cannot be held liable for an injury thus occasioned. Stated generally, this is true, and the jury could well have been so

1. INJURY TO GROWING CROPS: measure of damages: instruction.

2. SAME: flood waters: obstruction: change in channel.

instructed with proper qualifications. But if by changing the course of the stream appellant made a channel on or along its right of way having less capacity to carry away the flood waters, or less capacity to resist the effect of the backwater occasioned by the obstructions below than the natural channel would have afforded, and thereby occasioned overflows to the injury of the plaintiff's crops, it would be no answer to her claim for damages to say that the company was not bound to enter the property of others and remove the obstructions. And this as we understand it is the gist of plaintiff's claim.

III. Some point is made upon the fact that the legal title to the land is not held in its entirety by the plaintiff. The title to the land is not a material inquiry if she makes a *prima facie* case of ownership of the crops alleged to have been injured or destroyed. It appears without substantial dispute that plaintiff has for at least eleven years been in actual possession and control of the land, enjoying its use and possession, and this we think was all she was required to do to entitle her to maintain the action.

3. SAME: action for injury to growing crops: who may sue.

IV. It is the claim of the defendant that, at the time the creek bed was changed, the land of the plaintiff was a timber tract, and that in no event can the company be held liable for anything more than the injury to the premises as timber land. In other words, the proposition is that plaintiff could not in the face of the conditions threatening frequent overflow change the use of the land, and devote it to the growing of annual crops, and then recover damages for injuries which she ought to have foreseen. No authority is cited and no recognized principle of law is called to our attention in support of this exception. It would be a somewhat startling announcement for this court to say that one landowner may create or establish a nuisance affecting the use or enjoyment of the property of his neighbor, and thereby prevent the lat-

4. SAME: action for damages: defenses.

ter from making such use of his own premises as he may see fit. If such were the case, the upper proprietor could divert the surface or flood water from his own farm, and cast it upon the unimproved land of a lower proprietor, and condemn the latter to leave his premises forever in their wild and unprofitable state, or to improve it only at the peril of having his crops destroyed without any adequate or efficient remedy at law. It is possible that, if plaintiff planted crops knowing to a moral certainty they would be destroyed before maturity, it would affect the measure of her damages, but not her right of recovery, and this is all which is intimated in *Willitts v. Railroad Co.*, 88 Iowa, 289, to which counsel call our attention. Every owner of land which is injuriously affected by the wrongful act of another has the right to assume that the wrongdoer will desist from such aggression, and in the case at bar the mere fact, if it be a fact, that defendant's neglect of duty occasioned a temporary overflow of plaintiff's land on one or more occasions, was not notice to her that the wrong would be persisted in or repeated in the future, nor did it impose upon her any obligation to refrain from putting her land to the best or most profitable use to which it was adapted.

V. The court charged the jury that if plaintiff's crops had been injured by the overflow as alleged by her, and the injury was occasioned by the defendant's negligence in di-

5. SAME: negligence: instruction.

verting the stream from its natural course or permitting such artificial channel to become obstructed, and that plaintiff suffered damage thereby, she was entitled to a verdict in her favor. Nothing was said in this connection requiring plaintiff to show herself free from contributory negligence. Error is assigned upon this omission. The action being bottomed upon alleged negligent acts and omissions of the defendant plaintiff's right of recovery depended, not alone upon proof of such negligence, but depended as well upon a showing of reasonable care on her part to avoid injury therefrom, and failure to so

charge the jury was error. It is to be said, however, that in another paragraph the court stated the rule in proper form, and we should hesitate to reverse because of the mere omission in the statement first mentioned if the record disclosed no other well-grounded exception, but we suggest that upon a retrial of the cause the division of the rule into distinct paragraphs be avoided as having a tendency to confuse the jury.

VI. It is further argued by appellant that, if the diversion of the stream was the act of the independent contractor who graded and constructed the roadbed, the defend-

6. Same: independent contractor: liability of master.

ant would not be liable for the resultant injury to the plaintiff, and the court should have so instructed the jury. The point is not well taken. It is true that there is some very indefinite testimony that the construction work was done by a firm of contractors. Whether they were "independent contractors" within the meaning of the term as used by counsel there is nothing whatever to show. And, if independent contractors, there is no evidence of any kind that they did not perform their contract in strict accordance with the plans and specifications furnished by the company or by its engineer in charge. Moreover, the change of the stream from its natural channel was something of open and notorious character which could not have well escaped the observation of the company, and it could not avail itself of such conditions and maintain its roadbed in the natural channel, and avoid liability for the injurious consequences, if any, to adjacent owners by the plea that this interference with the stream was the act of its contractors.

VII. The defendant asked instructions to the effect that, if the injury complained of was caused by obstructions in the creek on the land of some lower proprietor, then for all

7. Same: submission of issues.

damages so arising the defendant was not liable. These requests were denied, and nothing of an equivalent character given. There was evidence rendering such instructions applicable, and we think they should

have been given, subject, however, to the reservation we have suggested in the second paragraph of this opinion.

Other questions have been raised or touched upon by counsel, but, in so far as they are not governed by what we have already said, they are not likely to arise upon another trial. For reasons stated in the first, fifth, and seventh paragraphs of this opinion, the judgment of the district court is reversed, and the cause is remanded for a new trial.

*Reversed.*