Joseph Farley, Appellee, v. City of Des Moines, Appellant.

**MUNICIPAL CORPORATIONS: Streets, Etc. — Diverted Drainage—**
1 **Burden of Proof.** A plaintiff who seeks to recover damages from a municipality because of the construction of a culvert in its public street in such manner as to divert drainage upon his land, has the burden to show that the city (1) constructed the culvert, or (2) adopted and recognized it as one of the city improvements.

**MUNICIPAL CORPORATIONS: Streets, Etc. — Construction of Cul-**
2 **verts—Immaterial Ordinance.** On the issue whether a city had constructed a culvert or had recognized and adopted such construction, an ordinance relating to the duty of the city council to order all work on permanent improvements becomes quite immaterial.

**DAMAGES: Measure of Damages—Injury from Diverted Drainage—**
3 **Double Recovery.** Plaintiff may not, in an action for damages resulting from diverted drainage, recover both (1) for the loss of the crops raised by him on the land during the year in question, and (2) for the loss of the use of the land for said year.

**TRIAL: Instructions—Value Without Supporting Evidence.** Instruc-
4 tions permitting an allowance by the jury for the value of an article or thing without any testimony tending to show such value, are wholly unallowable.

**Headnote 1:** 28 Cyc. pp. 1477, 1478. **Headnote 2:** 31 Cyc. p. 634. **Headnote 3:** 17 C. J. p. 884 (Anno.) **Headnote 4:** 17 C. J. p. 1066.

*Appeal from Des Moines Municipal Court.*—Herman Zeuch, Judge.

April 7, 1925.

ACTION in damages, for injuries alleged to have been caused by the defendant city in constructing a culvert whereby plaintiff's property was overflowed by an excessive discharge of surface water. Cause tried to a jury, resulting in a verdict for the plaintiff. From the judgment entered thereon, defendant appeals.—*Reversed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*F. T. Van Liew,* for appellee.

DE GRAFF, J.—Plaintiff is the owner of certain lots situated at the northwest corner of southeast Fourteenth Street and Hartford Avenue in the city of Des Moines. The land is low,

1. MUNICIPAL CORPORATIONS: streets, etc.: diverted drainage: burden of proof.

and it appears that a ditch on private property had been constructed parallel to the west line of southeast Fourteenth Street, south of Hartford Avenue. It is alleged in the petition that the city constructed a culvert under the surface of Hartford Avenue, connecting the ditch with the land adjoining the north side of said avenue upon which plaintiff's property abuts; and that, since the construction of said culvert, on the occasion of each rain during the year preceding the commencement of this action, his premises have been submerged; and that the predicated damages to his property proximately resulted. The trial court instructed the jury that the only charge of negligence pleaded by the plaintiff, upon which a verdict could be based, "is the positive act of casting or discharging surface water so collected by the said ditch and culvert upon the premises of this plaintiff." As applied to the facts in this case, the instruction is correct.

It is the contention of the defendant city that plaintiff failed to establish by a preponderance of the evidence that the culvert in question was constructed by the city or under its authority. The rule is well established that a municipality is not liable for the act of its officer or agent performed outside the duties of his office, or not within the general scope of the agency, unless the act is adopted or ratified by the municipality. *Hard v. City of Decorah,* 43 Iowa 313. The culvert was in a street of the

defendant city, and had been in existence for about two years prior to the time in suit. It is apparent that the city recognized this culvert; and on one occasion, upon complaint of a property owner, the ditch that fed it was dug deeper by employees of the city. This was for the purpose of giving the water on the adjacent land a freer outlet through the culvert. A city is bound to keep its streets free from nuisances; and it has no right to collect surface waters on the public highway, or on the land of a private citizen, and discharge it upon the property of another, "where it was not wont to go." *Schofield v. Cooper,* 126 Iowa 334. The burden was upon the plaintiff to prove by a preponderance of the evidence that the culvert was constructed by the defendant city, through its authorized agents, or that it had been adopted as such by defendant city, and that, through its faulty construction, surface waters were caused to be discharged in such quantities upon the land of plaintiff that the damages alleged were proximately caused thereby. In substance, the jury was so instructed:

Further complaint is made by the defendant on the ruling of the court striking an amendment to the answer in which an ordinance of the defendant city was pleaded. We quote therefrom the material provisions, to wit:

"The council has and shall exercise all legislative powers, functions, and duties conferred upon the city or its officers. It shall make all orders for the doing of work or the making or construction of any improvement, bridge, or building."

The culvert was not a permanent improvement, within the purview of this ordinance, and the provision defining the legislative powers and functions of the city was but a statement of a general law. Plaintiff was in duty bound to prove the construction of the sewer by the defendant; and, a prima-facie case in this particular having been established, the defendant was compelled to meet this issue, and was privileged, irrespective of the pleaded ordinance, to prove that the city did not construct the culvert, or that the persons who did construct same were not the authorized agents of the city for that purpose. Furthermore, the construction of a small culvert under the authorization of the superintendent of streets of a city, or

2. MUNICIPAL CORPORATIONS: streets, etc.: construction of culverts: immaterial ordinance.

repairing of same, is not within the classification of a legislative act, and therefore need not be signified by an ordinance or resolution. There was no error in sustaining the motion of plaintiff to strike the amendment to defendant's answer.

Did the trial court give to the jury the correct rule for the admeasurement of damage? Three specific items of damage were submitted, to wit: (1) Loss of chickens by reason of the

3. DAMAGES: measure of damages: injury from diverted drainage: double recovery.

discharge of surface water upon the land of plaintiff during the year 1923; (2) loss of plaintiff's garden in said year; and (3) loss of the use of plaintiff's premises during said year

from same cause. In the light of the evidence, the instruction given cannot be sustained. The whole injury upon which damages are predicated occurred at one time. The mere fact that the culvert was of permanent construction did not render the nuisance in question, occasioned thereby, permanent also. In brief, plaintiff cannot be allowed both the loss of the use of the lots owned by him, and also the loss of the garden truck produced on the lots during the same period of time. The law does not permit the awarding of double damages. Under the circumstances, plaintiff was entitled to recover any special damages suffered by him, such as loss of chickens, cost of garden seed, and cost of plowing and cultivation, plus the reasonable value of the use of the land for the year; or, if the evidence justified a recovery, he was entitled to his special damages plus the reasonable market value of the growing vegetables in the field when destroyed in June, 1923, or the market value of same in a matured condition, less the deductions for the reasonable expense of material and marketing the products. *Tretter v. Chicago G. W. R. Co.*, 147 Iowa 375; *Brous v. Wabash R. Co.*, 160 Iowa 701. The jury was instructed, in finding the amount of plaintiff's recovery as damages, based on the injury to the garden:

"The reasonable market value of the garden which was in fact destroyed by reason of the discharge of certain surface water upon the premises of this plaintiff during 1923."

This instruction is not specific. But, assuming that the jury understood it to mean the market value of the growing things in the field when destroyed, without reference to their

4. TRIAL: instructions: value without supporting evidence. value in a matured condition, we find no testimony whatsoever in the record bearing upon the reasonable market value of the garden truck at any time; nor does the record show the quantity of vegetables that were produced, their condition as to maturity when destroyed, or the market price of any of the growing things. It may be observed, therefore, that the instruction given is subject to a threefold criticism: (1) Recovery of double damage; (2) inadequate and incorrect measure of damage as to the value of garden truck; and (3) the damage predicated on reasonable market value of the garden truck finds no support in the evidence.

The instruction must work a reversal. Wherefore, the judgment entered is—*Reversed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.