ADAMS COUNTY, Appellee, v. LEON W. RIDER, Appellant.

FEBRUARY 7, 1928.

*Meyerhoff & Watts*, for appellant.

*Ed Fackler, Jr.*, for appellee.

FAVILLE, J.—The appellant is the owner of a farm which is traversed by a highway running east and west. A creek flows in a general southerly direction through a portion of appellant's land, and in so doing passes across said highway under a bridge. To the west of said creek a ditch has been constructed along the south side of said highway, the water in which flows to the east, and enters the creek near said bridge. The appellant constructed what is termed a "water gap" or dam across the thread of the stream, and also constructed a fence in such a manner that it is claimed it became an obstruction across the mouth of the ditch where it discharges into the creek. This action is brought to require the appellant to remove said obstructions.

The accompanying plat will assist in a clearer understanding of the situation.

Upon said plat the "gap" or dam crosses the thread of the stream, as indicated by the letters A-B, and the obstruction across the mouth of the ditch is indicated by the letters C-D. The bridge in question is 38 feet in length, and is approximately 7 feet above the water line at normal water level. The appellant has constructed a fence along the south side of said road. Near the bridge, and a few feet north of said fence line, and in the course of the stream, the appellant constructed the "gap" or dam in question. For many years, and as long as the road has been in use, the appellant has used the bridge as a causeway, through which his stock passed from one of appellant's fields to another. The "gap" was constructed for the purpose of preventing appellant's hogs from passing from one field to the other, and at the same time permitting his other stock to pass over said "gap" without difficulty. It was constructed of planks 12 inches in width and 16 feet long. These planks were spiked to four posts, which were securely driven into the bed of the creek, forming a dam or barrier 16 feet in length and approximately 2 feet high. The evidence tends to show that it was located 4 feet within the highway line at the west end, and approximately 8 feet within the highway line at the east end. The evidence tends to show that the effect of this barrier was to cause debris coming down said stream to collect against it, and at times it necessarily interfered with the free discharge of the

water down the stream, and caused it to collect within the line of the highway.

The evidence also shows that the appellant had carried his fence along the south side of the ditch northward across the mouth of the ditch near the bridge, at the point indicated on the plat by the letters C-D. This portion of the fence across the mouth of the ditch consisted of a post in the center of the ditch, with 7 barbed wires and a 20-inch woven wire and some small logs lying across the mouth of the ditch. The evidence tends to show that the result of this obstruction was to obstruct the free flow of the water from the ditch into the adjacent creek, and to cause silt to be deposited in said ditch.

It is contended that the highway in question was never legally established by the board of supervisors of Adams County; but it clearly appears that the road has been used as a public highway for many years, that the board of supervisors have exercised jurisdiction over it, and that it is in fact a public highway. The evidence shows that the ditch along the south side of the highway was constructed about the year 1910. Prior to that time, there was another stream running in a general southerly direction west of the appellant's land, and the board of supervisors constructed the ditch along the south side of the highway, and diverted the course of said stream along the highway. The appellant was fully advised of the change at the time it was made. There is no evidence in the record showing that the appellant was ever granted the right to use said bridge as a causeway, by any action of the board of supervisors, as provided by Code of 1927, Sections 4858 and 4860; but appellant has so used it for many years without objection, and, as we understand the record, the board of supervisors are not now objecting to the use of said bridge as a causeway for the convenience of appellant. It appears that a tree has been carried down said stream and lodged under the west bent of said bridge, and that debris and dirt have collected against the same. Under the record in this case we do not think that either party is now in a position to require the other party to remove said tree and debris.

The appellant had no right to place the dam or water gap in the thread of the flowing stream at a point within the public highway, and to cause the water in said stream to back up and affect the right of way by reason of said obstruction. The decree

of the lower court provided that, in lieu of said dam or water gap, the appellant might keep and maintain a sufficient and proper floodgate or water gap in the fence line across the stream south of the bridge. As we understand the record, such floodgate or water gap would serve the identical purpose for which the dam built by the appellant was constructed across said stream: to wit, to prevent his hogs from passing under said bridge from one field to the other, while permitting his larger stock to do so. It would be of practically the same height and length as the solid dam constructed by the appellant, and would be so constructed that the pressure of high water would cause it to open, and would permit the water and debris in the stream to pass without substantial obstruction downstream, and as the water receded in the stream, it would close. Such a construction would enable the appellant to use his premises in substantially the same manner as he has heretofore, and would obviate the obstruction to the flow of water and its accumulation within the line of the highway.

The court also decreed that the appellee should construct and maintain a sufficient and proper floodgate or water gap across the ditch at or near the place where appellant's wire obstruction existed. This would enable the water from the ditch to flow into the creek, and at the same time would prevent the escape of the appellant's animals from his premises by passing up the course of the ditch. The appellee does not appeal from this portion of the decree. No doubtful or uncertain question of law is involved in this appeal. It is largely a fact question. The decree of the district court appears to be just and equitable, and, under all of the circumstances, preserves the legal and equitable rights of the appellant in the premises. It meets with our approval, and it is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.