WILLIAM HERMAN et al., Appellees, v. WILLIAM DREW et al., Appellants.

No. 40835.

JUNE 20, 1933.

William P. Welch, for appellants.

Roy E. Havens, for appellees.

STEVENS, J.—Appellees are the township trustees of Magnolia township, Harrison county, Iowa. The defendants are, jointly, the owners of an eighty-acre tract of land abutting on the north upon an east and west township highway. The surface of the ground adjoining in the vicinity of the highway is in all directions for a considerable distance substantially level. There is a range of hills about a quarter of a mile west of the scene of the controversy extending in a northeasterly and southwesterly direction. Several hundred feet to the east is Willow Creek drainage ditch, which extends substantially north and south. Ditches have been constructed on each side of the highway. There is a culvert 6x22 feet in dimensions extending north and south across the highway through the grade, which is substantial. The surface waters accumulating from the north and northwest and northeast in the vicinity flow through this culvert and upon the land of appellants. While there is some conflict in the evidence, it is clearly shown by the preponderance thereof that the culvert, which has been maintained in the highway for at least twenty years, and perhaps for many years longer, is located directly in the course of natural drainage. Appellants concede that they have constructed an obstruction on their land which dams up the water in the highway and prevents it from flowing off to the south and southeast as it would otherwise do. Appellants also concede that the surface waters have always flowed across their land in the vicinity of the culvert, but they maintain that the culvert is not in the course of natural drainage, and that it was formerly located further west. Apparently, the water flowing through the culvert and across the highway has a tendency to wash ditches in appellants' land. The purpose for which the dam complained of was constructed and is sought to be maintained by appellants is to widen the flow of the

water across their tract, and thus, to some extent at least, overcome its tendency to create ditches therein. The effect of the obstruction is to hold the water back on the north side of the culvert in the highway and to maintain water on the south thereof in such a way as to create something in the nature of a nuisance.

It is the law, well settled in this state, that the highway authorities have a legal right to maintain a culvert in a public highway for the purpose of conveying surface waters across the same in the natural course of drainage. Section 7736, Code 1931; Schwartz v. Wapello county, 208 Iowa 1229, 227 N. W. 91; Hinkle v. Chicago, Rock Island & P. Ry. Co., 208 Iowa 1366, 227 N. W. 419.

It is also the duty of the owner of the servient estate not to obstruct the flow of surface waters in their natural course, even though they have no well-defined banks. Heinse v. Thorborg, 210 Iowa 435, 230 N. W. 881; Adams county v. Rider, 205 Iowa 137, 218 N. W. 60.

It is also true that it is the duty of the township officers to improve the highways under their jurisdiction in such a way that surface waters will flow in their natural course of drainage. Keck v. Venghause, 127 Iowa 529, 103 N. W. 773, 4 Ann. Cas. 716; Baker v. Town of Akron, 145 Iowa 485, 122 N. W. 926, 30 L. R. A. (N. S.) 619.

The question here presented is obviously one of fact. It is clear that appellants have no legal right to maintain a dam such as is described in the evidence. We think it clear that the culvert is located in the natural course of drainage, and that surface waters are not collected at that point and cast upon appellants' land in any substantially increased quantity or in a manner substantially different from which it would go thereon if the culvert were removed.

One reading the record is impressed with the feeling that the condition is capable of being remedied by provision being made for carrying the surface water to the east into Willow Creek drainage ditch at a reasonable cost. Only a small tract of appellants' land is affected by the waters cast thereon, but this is not material to the present controversy.

We know of no theory upon which this court under the issues joined has power to relieve the situation. Appellants, as cross-petitioners, are not entitled, upon the record before us, to a decree restraining appellees from maintaining the culvert in the highway.

The record discloses no violation on their part of any legal rights of appellants. Therefore it follows as a matter of course that the decree which permanently enjoined appellants from erecting or maintaining a dam on their premises so as to obstruct the free flow of the surface water across the highway in the natural course of drainage must be, and it is, affirmed.—Affirmed.

KINDIG, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.