Francis Stooker, Appellee, v. Bert Feil et al., Appellants; K. C. Shull, Intervenor, Appellee.

No. 47387.

(Reported in 37 N. W. 2d 918)

June 14, 1949.

Nichols & Nichols, of Sidney, and Cosson, Stevens, Hauge & Cosson, of Des Moines, for appellants.

Edward E. Eaton and John S. Redd, both of Sidney, for appellees.

Hays, J.—This appeal involves the question of the right of a dominant estate to the free and uninterrupted flow of surface water onto and over the servient estate. This appeal is also somewhat unique, in that appellants do not raise a single legal question nor do they cite a single authority in their brief and argument.

Plaintiff asks that the defendants be enjoined from maintaining a dike along the division line between their respective farms, thereby preventing the natural flow of surface water from plaintiff's land, and for damages. After an extended hear-

ing the trial court granted the relief prayed and the defendants appeal.

Five propositions are relied upon by appellants but, as they state in their brief, they are so closely related that they are argued together. The question argued is: "Is the land of appellants servient to surface waters accumulated upon the land of appellee?" The trial court so found and while this finding does not carry the weight of a jury verdict, the matter being triable de novo, it is entitled to careful consideration by this court. In re Estate of Brooks, 229 Iowa 485, 294 N. W. 735; Hatheway v. Hanson, 230 Iowa 386, 297 N. W. 824.

Upon the trial in the lower court the testimony of some thirty-five witnesses and numerous exhibits, including maps, plats and photographs, were offered in evidence thus making an extremely voluminous record. Since only a single fact question is raised, and each case of this type must be governed by its own facts, no detailed statement of fact is attempted.

A careful evaluation of the record clearly bears out the findings of the trial court and to the following effect: Appellee Stooker and intervenor-appellee Shull own adjoining farms, that of Stooker being directly to the east of Shull's. To the north and adjoining both of the tracts is the farm of the appellants. All of the land in question is located in the south watershed of the East Nishnabotna River and is practically flat with no distinct watercourse. Surveys definitely establish the Stooker land to slope gently to the north and west, which is toward appellants' land.

In 1903, the then owner of appellants' tract dug a shallow ditch along the south edge of his land, casting the dirt therefrom to the north a distance of some twelve feet, thus creating a low dike. For many years, surface water from appellee's land followed this ditch to the outlet thereof which was a swamp, partly upon the Shull land and partly upon appellants' land.

In 1939, appellants and Shull together erected a five-foot dike along their dividing line almost to the point where their respective farms joined with the Stooker land. From this point appellants turned the dike slightly to the north, crossed the shallow ditch to the original dike and continued therewith to

their east line, thus creating a dike along appellee's north border.

In 1941, during an eight-inch rain in a four-hour period of time, the dike was washed out at a point near the junction of the three farms by the rush of water from the south. From then until 1944, when the dike was rebuilt, the drainage from appellee's farm was through the break in the dike. After its repair, the surface water from the south was diverted to the Shull land and a part thereof was impounded upon appellee's land. This action was the result, with intervenor, Shull, joining with Stooker in the relief prayed.

The trial court permanently enjoined appellants from in any manner obstructing the free and complete flow of surface water through said waterway and directed the removal of all dike obstruction therein, sufficient under all circumstances to afford the lands of the appellee the complete drainage to which the same is found to be entitled. This finding and the directive is in accord with the established facts and the recognized legal rules applicable thereto. See Hunt v. Smith, 238 Iowa 543, 28 N. W. 2d 213; Herman v. Drew, 216 Iowa 315, 249 N. W. 277.

Appellants in argument contend that in any event they are entitled to maintain the dike at the level it was prior to 1939, on the theory that it had been there for more than ten years. The fallacy of this contention is that the dike erected in 1944 was not merely an increase in the height of the original dike but was an entirely new one and built some twelve feet south of the original one.

Appellants also urge that no damage should be allowed, but do not question the legal proposition involved. The record shows appellee has sustained damage on account of the interference with the flow of surface water. The measure of damage apparently adopted by the trial court is in accord with the rule announced in Brous v. Wabash Railway Co., 160 Iowa 701, 142 N. W. 416; Farley v. City of Des Moines, 199 Iowa 974,

203 N. W. 287; Thompson v. Illinois Cent. R. Co., 177 Iowa 328, 158 N. W. 676.

Finding no error, the judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.