ALANSON BAKER, Appellant; v. THE INCORPORATED TOWN OF AKRON, IOWA, G. H. WOOTON, Mayor thereof, and M. A. AGNES, W. N. BURRELL, L. V. SEAMANDS, GEORGE POWELL, E. A. FIELDS and J. F. KENNEDY, members of the city council of said town and their successors in office and CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellees.

Municipal corporations: DRAINAGE OF SURFACE WATER: DAMAGES: EVI-
DENCE. The right of a town or city to collect its surface water and discharge the same upon lands outside its corporate limits is

governed by the same rules which apply to private individuals. It can not collect and discharge the same upon adjoining lands in a greater quantity or in a different manner than it would naturally flow, to .the material injury of the adjoining owner; even though done through an exercise of its power to use and improve its streets. In this action for damages the evidence is held to show an increased flow of surface water upon plaintiff's land, caused by the manner in which defendant graded and guttered its streets.

**Same:** DAMAGES. Where a municipality collects its surface water and discharges the same unnaturally and in greater quantity upon, and to the material injury of lands outside its limits, it can not escape liability because a portion of the damage was due to extraordinary floods; or because of the difficulty in determining the exact damage caused by the acts of the municipality.

**Appeal:** REMAND FOR FURTHER PROCEEDINGS. Where the amount of damage sustained is not sufficiently proven because the case was tried on the theory of defendant's non-liability, the court, on appeal from an erroneous dismissal of the action, will remand the cause for retrial on the issue of damages.

*Appeal from Plymouth District Court.*—HON. WM. HUTCHINSON, Judge.

TUESDAY, OCTOBER 26, 1909.

REHEARING DENIED TUESDAY, JANUARY 18, 1910.

ACTION to recover damages for the flooding of plaintiff's land by the defendants city and the railway company, and for an injunction to restrain the continuance of the nuisance. The case was tried to the court as in equity, and at the conclusion of plaintiff's testimony the trial court sustained a motion, directing a decree for the railway company, from which no appeal has been taken. The case proceeded as against the other defendants, resulting in a decree dismissing plaintiff's petition, and he appeals.— *Reversed* and *remanded.*

*McDuffie & Keenan,* for appellant.

*Zink & Roseberry* and *Sammis & Bradley,* for appellees.

DEEMER, J.—The appellees are the town of Akron and its mayor and city council. Plaintiff is the owner of a large tract of bottom land lying south and west of the limits of the town, and he claims that the town has so graded and guttered its streets as to collect and discharge the surface water falling upon the lots and lands within its limits on to plaintiff's lands in a manner other and different from the way in which it passed off prior to the time the grading and guttering was done, to his great damage. The defendant denies that it has collected or is discharging the surface water from its natural course; that, in any event, it had the right to grade its streets and turn surface water from its natural course; that it was guilty of no negligence in improving, guttering, and grading its streets; that it had the right to fight surface water, treating it as a common enemy; that whatever damage plaintiff has suffered was due to extraordinary floods; and that in no event is the town liable, for the reason that it was given full power to grade and gutter its streets.

Plaintiff's land is considerably lower than the land within the corporate limits of the town, and must, of course, bear its proper servitude. But it is not true, as counsel contend, that the town had the right to collect surface water originally flowing in another direction and to discharge the same upon plaintiff's land, or in such a manner as that it caused an overflow of plaintiff's land, to his damage.

Plaintiff's property is not within the limits of the town, and he was not amenable to the order and direction of the city council. He could not be compelled to bring his property to any grade established by the town council. Insofar as the town is concerned, he had the same rights against it as if it were a natural person who was inter-

fering with his rights and privileges. *Collins v. City of Keokuk,* 91 Iowa, 293. Had his property been within the town limits, a different question would arise, and the authorities cited for defendant would be applicable. In its relations to land owners outside the town limits, the town had no greater rights than any citizen or private corporation. In grading and guttering its streets, it, so far as outsiders were concerned, acted in a proprietary capacity, and not as an instrumentality of government, and nowhere in our statutes is it given the right to collect and discharge surface water upon an adjoining property in a manner different from the way in which nature intended or provided. *Noonan v. City of Albany,* 79 N. Y. 470 (35 Am. Rep. 540). In this case Andrews, J., speaking for the court, said: "A municipal corporation has no greater right than an individual to collect the surface water from its lands or streets into an artificial channel, and discharge it upon the lands of another, nor has it any immunity from legal responsibility for creating or maintaining nuisances. *Wett v. Village of Brockport,* 16 N. Y. 172, note; *Byrnes v. City of Cohoes,* 67 N. Y. 204; *Haskell v. City of New Bedford,* 108 Mass. 208; *Attorney-General v. Leeds Corporation,* L. R., 5 Ch. App. 583." See, also, *Eastman v. Meredith,* 36 N. H. 285 (72 Am. Dec. 302); *Maxmilian v. New York,* 62 N. Y. 160 (20 Am. Rep. 468); *Oliver v. Worcester,* 102 Mass. 489 (3 Am. Rep. 485); *O'Brien v. City,* 25 Minn. 331 (33 Am. Rep. 470).

*1. MUNICIPAL CORPORATIONS: drainage of surface water: damages: evidence.*

Assuming, then, that the defendant town occupies no different relation to plaintiff than if it had been a private corporation or an individual, we look to the law of this state with reference to the discharge and diversion of surface waters. We have adopted what is known as the civil law rule in the leading case of *Livingston v. McDonald,* 21 Iowa, 160. The substance of that rule is that the owner of higher land has no right even in the course of the

use and improvement of his property to collect the surface water upon his own lands into a drain or ditch, increased in quantity or in a manner different from the natural flow upon the lower lands of another to the injury of such lands. This case has been followed time after time, and was reaffirmed as late as the year 1906. See *Matteson v. Tucker*, 131 Iowa, 511. The following cases also announce · the same doctrine: *Hull v. Harker*, 130 Iowa, 190; *Wharton v. Stevens*, 84 Iowa, 107; *Brown v. Armstrong*, 127 Iowa, 175; *Schofield v. Cooper*, 126 Iowa, 334; *Holmes v. Calhoun County*, 97 Iowa, 360; *Cedar Falls v. Hansen*, 104 Iowa, 189; *Collins v. Keokuk*, 91 Iowa, 293.

Now the evidence shows, without substantial dispute, that, before the town graded and guttered its streets, there was a natural watershed running from near the southeast corner of town to the northwest corner; that the water east and south of this watershed ran through a depression or "swale" north and west to near the northwest corner of the town, where it emptied into the Big Sioux River a short distance from the railway track of the defendant railway company. It also appears without serious dispute that, when the defendant graded and guttered its streets, it cut through this watershed, and caused water which fell upon the east part of the town and which came down from the hills to the east, which, had it followed its natural course, would have gone north and west into the Big Sioux River, to flow east until it struck the embankment of the railway company running west of south, whence it ran along and in places over the embankment, and many times during the past five years flooded plaintiff's land, to his damage. There can be no doubt whatever that defendant caused water to run from the east· along what are known as Main, Iowa, and Sargent Streets, westward and down onto plaintiff's land, which did not originally go in that direction; but which went north and west and into the Big Sioux River. Defendant's own surveys, blueprints, and profiles

establish these facts. Some of the water went through a culvert in the railway embankment, known as No. 511, down onto plaintiff's highland, and in times of high water it ran over the railway embankment and upon plaintiff's land. There is testimony to the effect that this increased the flow of water and that this increased flow damaged plaintiff's lands and crops for several consecutive seasons.

Appellees contend, however, that, as they were not negligent in improving the streets, no recovery can be had. As the action is not bottomed upon negligence, this contention is without merit.

They also insist that the damage was due to cloudbursts and extraordinary floods. No doubt part of it was, but there was testimony that damages were suffered from

2. SAME: damages. ordinary rainfall. They also say that during the past five years the seasons have been unusually wet; but this, of course, constitutes no defense. Again, it is said that there is no testimony of any appreciable increase in the flow of water; but this too is not sustained by the record.

Again, it is asserted that there is no showing as to how much of plaintiff's damage was due to the diversion of the surface water by defendant, and how much to the overflow of a ditch on the south side of the town. It is true, perhaps, that the testimony as to this point is not definite, but, as it appears without serious conflict that the gutters and ditches increased the flow on plaintiff's land, defendant is responsible for its share of that increase, and the difficulty in arriving at its exact proportion of the damage is no reason for defeating plaintiff's action. Defendant is responsible for the damage it did, no matter what other causes contributed to the result.

The main proposition relied upon by appellee, however, is one of law, and this is, as applied to this case that the ordinary rules as to surface water do not obtain. We have seen that this is a misapprehension, and that the case is

governed by these general rules.    The cases cited by appellee from this state all have reference to the rights of land or lot owners within the limits of the municipal corporation.    As to them, we have said in one or two cases that the ordinary rules as to surface water do not apply.    It will be found, returning to these cases, that the reasons given for these holdings are bottomed upon the fact that the property owner had certain duties to perform because of the location of his property within the city or town limits.    As appellees' main premise is fallacious, the conclusion is manifestly unsound.

We shall not undertake on this appeal to fix the amount of plaintiff's damage.    The case was not tried with any great degree of care on this issue, for the evident reason that defendants were proceeding on the theory of nonliability.    For this reason, we shall remand the case for a retrial upon the issues as to the amount of damages to which plaintiff is entitled, and for further proceedings not inconsistent with this opinion.—*Reversed* and *remanded.*

3. APPEAL: remand for further proceedings.