SARAH M. BOICE v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**Street railways:** INJURY TO PASSENGER: NEGLIGENCE: EVIDENCE. In 1 this action for injuries to a passenger while attempting to board a street car, the evidence of negligence on the part of the conductor in signaling the car to start before plaintiff had reached a place of safety; that he stopped plaintiff from entering the car while in a place of danger; and that he was in a position where he might have assisted plaintiff to a place of safety, was such as to require a submission of each charge of negligence and to support a verdict for plaintiff.

**Same:** NEGLIGENCE. The rule that a mere mistake or error of 2 judgment on the part of one required to act in an emergency

will relieve him from the charge of negligence, applies to the conduct of the one who is put in peril and not to one whose duty it is to avoid injury to another. Thus where plaintiff was attempting to board a street car by the passageway intended for egress, and the conductor, who was in no position of peril, told plaintiff to wait a minute while she was on the first step of the car, and after he had signaled the car to start, there was no emergency relieving him from the charge of negligence, if he failed to exercise reasonable care to assist plaintiff to a place of safety.

**Same:** REASONABLE CARE: INSTRUCTIONS. Where the court instructed that the conductor was required to use the highest degree of care consistent with the practical operation of his car to avoid injuring a passenger, but that such degree of care was not required in case the passenger was attempting to board the car in such manner that he was not aware, or in the exercise of reasonable care would not have been aware of his intention to do so, failure to further define the degree of care required in rendering assistance to a passenger when discovered in a place of danger was not prejudicial.

**Same:** EVIDENCE: CONCLUSION. The testimony of plaintiff that if the conductor had not asked her to wait a minute while attempting to board the car she could have reached a place of safety before the car started, was not objectionable as a conclusion, since the conclusion could only be drawn from a knowledge of all the attendant facts and circumstances.

**Evidence:** HARMLESS ERROR. Evidence tending to excite the sympathy of the jury, when not produced for an improper purpose and having no prejudicial effect, is not ground for reversal.

*Appeal from Polk District Court.*—Hon. W. H. McHenry, Judge.

THURSDAY, DECEMBER 14, 1911.

ACTION to recover damages for personal injuries received by plaintiff while a passenger on a car of defendant resulting from falling off the platform of said car by reason of the alleged negligence of the conductor in its operation. There was a verdict for plaintiff, and from a judgment in her favor the defendant appeals.—*Affirmed.*

*Guernsey, Parker & Miller* and *A. G. Rippey,* for appellant.

*Boyd & Bray* and *Bannister & Cox,* for appellee.

McCLAIN, J.—The evidence tended to show that plaintiff attempted to get on board one of defendant's street cars at its stopping place on Walnut street east of Seventh street, in the city of Des Moines, approaching the car from the sidewalk on the south side of the street; and that after reaching the first step of the platform, and while she was in the act of mounting to the second step, the car started in response to the signal of the conductor, and plaintiff was thrown to the pavement, suffering severe injuries. The alleged grounds of negligence which were submitted to the jury were, first, that when plaintiff was mounting the steps of the car, and before sufficient time had elapsed to permit her to reach that part of the car in which passengers were expected to ride, defendant negligently, carelessly, and wrongfully caused the said car to suddenly start forward, throwing plaintiff to the ground; second, that the conductor, seeing the plaintiff on the step of the car and as she was about to enter, stopped the plaintiff and kept her from entering the car before it started, resulting in her being thrown from the car; and, third, that the conductor, when he saw plaintiff on the steps of the car and knew that she was in a position of danger, failed to assist her until she could reach a place of safety.

I.   The principal contention for appellant is that there was not sufficient evidence to sustain the verdict of the jury for plaintiff on any one of the three allegations of negligence, and that the court erred as to each of these allegations in submitting it to the jury. We should hardly be justified in discussing in detail the evidence appearing in the record for the purpose of showing that there was

1. STREET RAILWAYS: injury to passenger: negligence: evidence.

sufficient evidence to go to the jury on each of these allegations of negligence. The general theory of counsel for appellant is that the car was of the "pay as you enter" style of construction, the place for the conductor being about the center of the rear platform beside the passageway for exit, and separated by a rail from the passageway for entrance which occupied the rear portion of the platform; that the plaintiff, while waiting for passengers to dismount, stood beside and close to the body of the car, where she could not be seen by the conductor, instead of approaching the passageway for entrance at the rear end of the car where she could have been seen and might have entered without waiting for the dismounting of the passengers by the passageway for exit; that she stepped upon the car in the passageway for exit, and was not seen by the conductor until the signal for the starting of the car had been given by him standing in his proper position for that purpose; and that, therefore, there was no negligence on the part of the conductor in causing the car to start before plaintiff had reached a place of safety. The difficulty with this proposition is that it ignores the testimony of plaintiff that she went straight across from the sidewalk to the entrance of the car, approaching it to the left of a passenger who was dismounting, and therefore was in plain sight of the conductor if he had been standing in his proper position, and that the car had not started, and she had heard no signal for its starting when she mounted the step. There was plainly a conflict in the evidence as to the position of plaintiff when she attempted to mount the step, and the question as to whether the conductor was negligent in starting the car before plaintiff had reached a place of safety was for the jury.

As to the allegation that the conductor negligently stopped the plaintiff and kept her from entering the car before it started, there was evidence tending to show that while plaintiff was on the first step, having attempted to

enter by the passage intended for egress, the conductor told the plaintiff to stop, and thus prevented her from reaching a place of safety before the car started. Even though plaintiff was attempting to enter the car by the wrong passage, it was negligence on the part of the conductor to cause her to stop there, after he had signaled for the starting of the car, if by doing so, he imperiled plaintiff's safety. There was no evidence tending to show such an emergency as to justify the conductor in stopping the plaintiff in a position of danger, and requiring her to enter by the proper passage.

The evidence is in conflict as to the position of the conductor while plaintiff was attempting to enter the car, but the jury might well have found that, if he was in his proper position and where he testified that he was at the time the car started, he might, in the exercise of reasonable diligence, have assisted or steadied the plaintiff so that she would not have been thrown off as a result of the starting of the car while she was in a position of danger. The court did not err, therefore, in submitting to the jury each of the grounds of negligence above referred to.

II. The refusal of an instruction asked by the defendant to the effect that, if the conductor was confronted by an emergency which required him to act promptly in the discharge of his duties, a mere mistake or error of judgment on his part would not constitute negligence, was not error. This instruction was asked with reference to the alleged negligence of the conductor in calling to plaintiff as she stepped upon the car to "wait a moment." There is nothing in the record to justify the assumption that as a matter of law there was an emergency relieving the conductor from the charge of negligence if he did what a reasonably careful person under such circumstances would not have done. He was in no peril whatever. He had, so far as appears, no duty to perform save that of signaling the car to stop and looking

2. SAME: negligence.

out for plaintiff's safety, in view of the fact that he had signaled the car to start before she was in a place of safety, and, as counsel contend, before he was aware that she was attempting to enter the car. He did signal the car to stop, and it was stopped within a few feet. We fail to see how any emergency could have justified his act in calling upon plaintiff to wait after she was on the first step, and when another step would have brought her into a position of safety. The question of the conductor's negligence was for the jury, but the rule as to acting in the case of a sudden emergency does not seem to have had any application as bearing upon that question. The rule seems to have been announced rather as applicable to the conduct of a person who is put in peril than to the conduct of one whose duty it is to avoid injury to another. *Bruggeman v. Illinois Central R. Co.,* 147 Iowa, 187; *Barry v. Burlington R. & L. Co.,* 119 Iowa, 62.

III.   An instruction given by the court is criticised because it did not more specifically define the degree of care required of the conductor in rendering assistance to the plaintiff when he discovered her in a place of danger. But the court had already instructed the jury that, as to a passenger, the duty of the conductor was to use the highest degree of care and foresight reasonably consistent with the practicable operation of the car in order to prevent injury to a passenger, and that this degree of care was not required if the plaintiff was attempting to get on board the car in such manner that the conductor either was not aware or in the exercise of reasonable care should not have been aware of her intention to do so. In view of these instructions, there was no error prejudicial to the defendant in not repeating the explanation as to the degree of care required of the conductor when he saw the plaintiff in the position of peril.

3. SAME: reasonable care: instructions.

Other instructions given are criticised only on the ground that there was no evidence of negligence in the re-

spects charged as already explained, and no further discussion of that subject seems to be called for.

IV.  There are assignments of error in the admission of testimony over defendant's objection.  One of these relates to the overruling of an objection to a question asked of plaintiff "whether or not, if the conductor

4. SAME: evidence: conclusion.

had not asked you to stop, you would have had time to get on the car before it started." While this question did call in a way for a conclusion of the witness, such conclusion was one which could only be drawn from all the attending facts and circumstances as known to plaintiff, and such conclusions may properly be called out on examination subject to cross-examination as to the bearing of the particular facts and circumstances as they appeared to the witness.  The rulings as to this question and two or three others of similar character were so plainly within the exercise of a proper discretion on the part of the trial judge that no further discussion of them seems to be required.

V.  The daughter of the plaintiff was called as a witness, and in answer to preliminary questions, was allowed to state, over objection, that her husband had been dead four years, and that he was a physician.  Counsel for appellant contend that some prejudice to the defendant appears from these rulings, in that they were calculated to excite sympathy on the part of the jury.  We are satisfied from the record that the questions were not asked for an improper purpose, and that no error could have resulted from allowing them to be answered.

The judgment is *affirmed.*