PAUL GILBERT, by ALMIRA M. HON, as his next friend, Appellee, v. JEFF KINNAIRD, Appellant.

No. 45388.

OCTOBER 15, 1940.

142

Fred W. Kramer, J. O. Watson, Jr., and McMartin, Herrick, Sloan & Langdon, for appellee.

Putnam, Putnam, Fillmore & Putnam and S. E. Prall, for appellant.

OLIVER, J.—This is an action at law brought by Paul Gilbert, a minor aged 10 years, by his next friend against Jeff Kinnaird for damages from personal injuries received in a collision between an automobile allegedly negligently operated by defendant and a car in which plaintiff was riding. Upon the question of liability the evidence was in sharp conflict. As to the nature and extent of plaintiff's injuries the record is without dispute.

The items of damage pleaded and submitted to the jury were $2,500 for permanent injuries, and $7,000 for past and future pain and suffering.

After the accident plaintiff was first taken to a nearby home. He was groaning and was bleeding profusely. Later he was taken to a Des Moines hospital where he was found to be suffering from shock, multiple lacerations about the skull and a fracture of the femur. One wound was a deep, ragged cut going down to the bone over the eye causing the upper eyelid and brow to drop down over the eye proper. The doctor treated him for shock and cleansed, trimmed and sutured the head wounds, but plaintiff's condition did not permit treatment of the leg until several days later when it was set and placed in a frame to pull the bones down. It was a spiral fracture cut obliquely and running around the bone like the stripes of a barber pole. In attempting to reduce the fracture several unsuccessful operations were performed and finally the leg was cut open and a steel plate fastened to the femur. For a time weights were attached to the bone. Later plaintiff was placed in a cast. He remained in bed several months and used crutches for some weeks thereafter. He will be required to undergo another operation for the removal of the plate from the leg bone. The leg will be permanently shortened $\frac{1}{2}$ to $\frac{3}{4}$ inch. His injuries were

painful and when the case was tried he still suffered pain at times.

The jury returned a verdict for $150, which was set aside upon motion of plaintiff. Defendant has appealed.

We need consider only one ground of the motion for new trial, to wit: That the verdict was grossly inadequate and such as to show conclusively that the jury was misled and failed to understand its duty in the assessment of adequate damages.

The leading Iowa case bearing upon the legal propositions here involved is Tathwell v. Cedar Rapids, 122 Iowa 50, 54, 97 N. W. 96, 97, which affirmed the order of a trial court setting aside as inadequate a verdict of $100 for personal injuries. In that case the court said:

" * * * by the great weight of authority, * * * the power to set aside the verdict, when manifestly inconsistent with the evidence, and the result of a misconception by the jury of their powers and duties, is as fully recognized where the verdict is inadequate as where it is excessive; and ample illustration of the exercise of this power is found in actions to recover damages for personal injuries or injury to the reputation, although in such cases the amount of damage is peculiarly within the jury's discretion."

The Tathwell case has been repeatedly cited and followed and the legal principles enunciated therein are thoroughly established in this jurisdiction.

Stone v. Turner, 178 Iowa 561, 564, 159 N. W. 989, 990, was an action by the father of a 14-year-old boy for injuries to the minor from a gunshot which struck him in the face and head, destroying an eye. A verdict for $300 for the injury to the minor and $128.46 to the father for expenses was set aside as inadequate and a new trial granted. Citing the Tathwell case, with other cases, the court said:

" * * * And in such cases, a large discretion is vested in the trial court. Its order granting a new trial on this ground will not, as a rule, be disturbed, unless there has been an abuse of discretion. * * *

" * * * The question then is, * * * Was the amount awarded reasonably adequate, or was it so inadequate as to indicate that

the jury became confused, and neglected to follow the court's instructions? As already suggested, this was a fair question for the trial court, and, as it granted the motion, we are not justified in interfering."

Leake v. Azinger, 214 Iowa 927, 243 N. W. 196, and Migliaccio v. Smith Fuel Co., 151 Iowa 705, 130 N. W. 720, were cases involving damages for wrongful death. Both these cases cited and followed the Tathwell case in affirming orders setting aside verdicts as inadequate.

DeMoss v. Brown Cab Co., 218 Iowa 77, 254 N. W. 17, was a personal injury case in which the trial court refused a new trial. Upon appeal this court held the trial court erred in refusing to set aside the verdict as inadequate, and ordered a new trial. The Tathwell case was cited with approval. See also Wilson v. Manville, 194 Iowa 26, 188 N. W. 932.

Under the well-settled and frequently announced rule an order granting a new trial for inadequacy of damages will be set aside only if it affirmatively appears that it constituted an abuse of the broad judicial discretion vested in the trial court. We are more reluctant to interfere with the granting of a new trial than with refusal to allow the relief. This rule has been so frequently reiterated as to require no citation, but see Leake v. Azinger, supra; Stone v. Turner, supra; Tathwell v. Cedar Rapids, supra.

Appellant relies upon Palmer v. Cedar Rapids & Marion City Railway Co., 124 Iowa 424, 100 N. W. 336; Hall v. C. B. & Q. Ry. Co., 145 Iowa 291, 122 N. W. 894, and Quenrud v. Moore-Sieg Construction Co., 191 Iowa 580, 181 N. W. 16. In each of these cases the verdict was relatively much more adequate than in the case at bar and each appeal was from an order refusing to set aside the verdict. The language employed in some of these decisions is not identical with that of other cases but we do not think it differs materially in effect.

"Although formerly inadequacy of damages was not a ground for new trial or reversal, it is now generally recognized * * * that a verdict may be set aside on this ground, * * * under circumstances similar to those which justify the setting aside of an excessive verdict." 15 A. J. 663. This is the rule recognized

in the Tathwell case, which took cognizance of its applicability to cases in which the amount of damages is not capable of computation, and rests in the sound discretion of the jury.

It is contended by appellant that the record does not necessarily show the verdict was inadequate, that the jury was not required to assess damages for permanent injury because the evidence did not require a finding that there was any permanent shortening of the boy's leg, and that the record neither requires nor warrants an award of damages in any considerable amount for pain and suffering. From a study of the record we are satisfied these conclusions are not justified.

Nor do we agree with appellant's contention that the court granted a new trial on a mere difference of opinion between the court and the jury as to the amount of recovery. The able trial judge stated that the verdict was unsatisfactory, either should have been much larger or should have been for the defendant, and was contrary to the evidence and instructions. It is apparent he considered the verdict grossly inadequate. Obviously, any grossly excessive or grossly inadequate verdict shocks the judicial conscience.

Appellant contends the verdict was so small as to be equivalent to a verdict for the defendant. Principal reliance is placed upon Rubinson v. Des Moines City Railway Co., 191 Iowa 692, 182 N. W. 865; Cogley v. C. B. & Q. Ry. Co., 185 Iowa 1080, 171 N. W. 745. These are cases in which the verdict was for $1.00. We need not consider these cases or the discussion of the nominal damage verdict rule in Mendenhall v. Struck, 207 Iowa 1094, 1100, 224 N. W. 95, 98, because more than nominal damages were awarded in the case at bar. Stone v. Turner, supra; Wilson v. Manville, supra.

We conclude there is no showing that the setting aside of the verdict constituted an abuse of judicial discretion. Indeed, we think the ruling was correct.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.