MRS. JACK TORRENCE, appellee, v. LLOYD SHARP et al., appellants.

No. 48634.

(Reported in 68 N.W.2d 85)

JANUARY 12, 1955.

Steward & Crouch, of Des Moines, and William S. Johnston, of Estherville, for appellant Sharp.

Hansen & Wheatcraft, of Des Moines, for appellant Snyder.

Lex Hawkins and J. R. McManus, both of Des Moines, for appellee.

HAYS, J.—Action for damages arising out of a collision involving three automobiles being driven by plaintiff and defendants Sharp and Snyder respectively.

The original action was against Sharp. On his motion, Snyder was brought into the case as a defendant to Sharp's cross-petition. Plaintiff, by amendment to her petition, joins Snyder as a defendant. It was tried to a jury with a verdict for $1250 for plaintiff, and against each defendant. There was a verdict for defendant Snyder on Sharp's cross-petition. The trial court granted plaintiff a new trial as against Sharp and Snyder on the ground that the verdict was inadequate. It denied Sharp a new trial as against Snyder. Sharp and Snyder have appealed from the judgment granting plaintiff a new trial. Sharp has appealed from the judgment denying a new trial on his cross-petition against Snyder. In effect, two distinct law actions are involved in this appeal.

Since no issue of negligence or causation is presented here, a very brief factual statement will suffice. Plaintiff was driving north on Highway 69, and following the Snyder car. At a point slightly north of the Des Moines city limits and opposite the Evans Hatchery, Snyder made a sudden left turn across the pavement. At the time, the Sharp car was approaching from the north with a resulting collision involving all three cars.

I. We will first consider Sharp's appeal from the denial of a new trial on his cross-petition against Snyder.

 (1) Error is assigned in the admission into evidence of certain photographs. They were taken some time after the accident but are conceded to fairly represent the general topography of the site of the accident as of the time thereof. It appears, however, that certain of the pictures reveal cars, presumably posed in accord with defendant Snyder's version of the situation. Conceding these photographs were posed, this does not render them objectionable if proper foundation has been laid as to the similarity as of the time of the accident, and we think the court could have found sufficient foundation under this record. Dice v. Johnson, 198 Iowa 1093, 199 N.W. 346; State v. Ebelsheiser, 242 Iowa 49, 43 N.W.2d 706, 19 A. L. R.2d 865; annotations 27 A. L. R. 913; 19 A. L. R.2d 877. However, be it

as it may as to the foundation, the trial court in admitting the pictures specifically told the jury that the vehicles appearing therein were not to be considered as any evidence of the location of any vehicles at the time of the accident. Presumably, juries follow the court's instructions. Coonley v. Lowden, 234 Iowa 731, 12 N.W.2d 870; Christensen v. Boucher, 237 Iowa 1170, 24 N.W.2d 782. This assignment is without merit.

(2) Snyder was asked about the speed of the Sharp car. After several answers had been stricken as conclusions, he was asked: "Q. Well, what I have in mind is this: did you notice whether or not it was going a slow rate, ordinary rate, or high rate?" (Objection that it called for a conclusion overruled.) "A. A high rate of speed." The ruling was correct. In Payne v. Waterloo, C. F. & N. Ry. Co., 153 Iowa 445, 454, 133 N.W. 781, 784, we said: "It is not necessary that a witness should be an expert in order to testify as to rate of speed. * * * Nor is it necessary that a witness should state his opinion in miles per hour. The opinion of a witness in such a case is a mere approximation in any event." See also McLaughlin v. Griffin, 155 Iowa 302, 135 N.W. 1107; Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 55 N.W.2d 528. Seager v. Foster, 185 Iowa 32, 169 N.W. 681, 8 A. L. R. 690, cited by appellant, is not similar to the instant situation and even so the error in admitting was held to be without prejudice.

(3) Snyder was asked: "Q. When you started across the pavement did you think it was safe to cross?" (Objected to as opinion and conclusion. Overruled.) "A. Yes, I had a very large opening." This is claimed to be error. We think not. In Pooley v. Dutton, 165 Iowa 745, 147 N.W. 154, we held a person may testify directly to his intent, motive or reasons inducing his action where such was material even though it partakes of the nature of a conclusion. It was clearly material here. Section 321.314, Code of 1950; Boice v. Des Moines City Ry. Co., 153 Iowa 472, 133 N.W. 657; Yeager v. Incorporated Town of Spirit Lake, 115 Iowa 593, 88 N.W. 1095.

(4) Appellant Sharp also asserts error in the granting of a new trial to plaintiff and denying one on the cross-petition against Snyder on the general claim that thus a new trial is given as to only a part of the issues.

464

This appeal does not present the questions existent where a defendant has filed a counterclaim against the plaintiff. In such cases a new trial, at least ordinarily, must be granted to neither or to both. Hayungs v. Falk, 238 Iowa 285, 27 N.W.2d 15; Keller v. Gartin, 220 Iowa 78, 261 N.W. 776; Larimer v. Platte, 243 Iowa 1167, 53 N.W.2d 262. The question here is more analogous to where several causes of action are tried together by separate counts. New trial to some counts and not as to others may properly be granted. Seevers v. Cleveland Coal Co., 166 Iowa 284, 147 N.W. 761.

In granting plaintiff a new trial, the trial court stated the verdict was so inadequate as to indicate that the jury became confused and neglected to follow the instructions. Appellant Sharp contends that a failure to follow instructions invalidates both verdicts. Assuming such a "failure" here, appellant's contention does not necessarily follow.

The trial court considered the case to consist of at least two distinct law actions and so instructed. No confusion or disregard of instructions pertaining to liability is claimed. On plaintiff's cause of action the jury found *liability,* under the instructions. If confusion existed, it was in their next step, i. e., assessment of damages. On Sharp's cross-petition the jury found *no liability* and hence no reason for considering the question of assessment of damages existed. Assuming justification for the granting of the new trial to plaintiff, we find nothing in the record justifying a reversal of the trial court in denying one to the cross-petitioner.

II. On the appeal of defendants Sharp and Snyder, but one error is assigned. It is, that under the record the verdict cannot be said to be inadequate.

Appellants concede the rule to be that a trial court has wide judicial discretion in the granting of a new trial. As said in Dewey v. Chicago & N. W. R. Co., 31 Iowa 373, 378: "They [trial courts] ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice." It is also conceded that this court is more reluctant to interfere where a new trial is granted than where it is denied. Manders v. Dallam, 215 Iowa 137, 244 N.W. 724; Ferguson-Diehl Constr. Co. v. Langloss, 239 Iowa 346, 30 N.W.2d 320. The general rule

appears to be that a plaintiff who has been awarded inadequate damages is as well entitled to relief as a defendant who suffers from one which is excessive. Annotation 16 A. L. R.2d 393, 400, 401; In re Estate of Hollis, 235 Iowa 753, 16 N.W.2d 599. Viewing this record in a light most favorable to the defendants, Hall v. Chicago, B. & Q. Ry. Co., 145 Iowa 291, 122 N.W. 894, we cannot say there was such abuse of discretion as would warrant interference therewith.

The accident happened May 11, 1952. Plaintiff was taken immediately to the hospital where she remained for seventeen days, for ten of which she was under sedation. She sustained multiple lacerations of face and both knees and right ankle, a contusion of the left breast, fracture of the first rib and a mild brain concussion. As a result a lower right lobar pneumonia developed. At the time of the injuries she was operating a nursing home and was totally unable to work for at least three months. At the time of trial, she was not able to perform all of the duties required in her work. She had a hospital bill of $449.15. She was attended and examined by six physicians, the reasonable charges therefor being $258. Also submitted by the trial court as items of damage were: clothing, $55; eyeglasses, $35; denture, $80; loss of earnings to time of trial, $1370, also pain and suffering.

The appellants argue as to the very meager proof offered as to pain and suffering and loss of earnings and say that accepting all the other items, set forth above, as the maximum figure shown by the evidence, set forth above, it left $372.85 as compensation for pain and suffering and loss of earnings. We find no exception to the instructions wherein these various items are submitted to the jury and must assume the evidence was sufficient to warrant such submission. Conceding liability, as these defendants do on this appeal, the hospital and medical expense, at least three months of total disability, and the natural pain and suffering that must accompany such injuries, we are of the opinion, as the trial court was, that plaintiff has not received substantial justice and that the granting of the new trial was proper.

Finding no error, the judgment of the trial court is affirmed on both appeals.—Affirmed.

All JUSTICES concur.