SADIE FELDHAHN, appellant, v. FLORENCE VAN DEVENTER, appellee.

No. 50604.

JUNE 12, 1962.

Eckerman, McFerren & Fair, of Davenport, for appellant.

McDonald & McCracken, of Davenport, for appellee.

HAYS, J.—Law action for damages for personal injuries sustained by plaintiff due to a collision of two automobiles. It is predicated upon defendant's negligence. There was a verdict and judgment for plaintiff. Defendant has not appealed. Plaintiff's motion for a new trial, based primarily upon the inadequacy of the verdict, was overruled and she appeals. The sole issue here concerns the amount of the verdict, liability of the defendant being, under the verdict and no appeal, a verity.

Plaintiff asked for $55,000 damages including pain and suffering and permanent injuries. The jury allowed $3000. It was stipulated at the trial that plaintiff was almost 44 years of age at the time of the accident; under the 1941 C. S. O. Mortality Table she had a life expectancy of twenty-six years; her hospital, doctor, ambulance and therapy bills totaling $1127.56 are the fair and reasonable charges for said services.

Plaintiff is a farm housewife. She took care of the garden and yard, raised chickens, milked the cows, prepared the meals and did the usual housework. The accident happened on August 23, 1959. She was taken to a hospital on that date where she remained until September 15, 1959. She was on crutches until

March 1960 and thereafter used a cane until late in 1960. She testifies as to her injuries, the intense pain she suffered while in the hospital, the existence of intermittent pain at the time of trial and weakness of her right knee and leg. She is unable to perform the household and farm duties formerly performed by her.

She called two doctors as her witnesses, Dr. Carl Matthey, who attended her from the time of the accident, and Dr. Gordon Gray, a surgeon, who examined her on March 17, 1960. Doctor Matthey stated she was in severe shock when she arrived at the hospital. She had lacerations about the face and mouth and bruises on her chest. X rays revealed that right tibia was shattered with the ligaments and capsule of the knee torn out. She also had a sprained right ankle with the ligaments torn; that she suffered intense pain; that at time of trial she had traumatic arthritis and will not be able to do what she formerly did. Her condition is permanent. Doctor Gray states her fractures had healed in a satisfactory manner but there is now a traumatic arthritis of the right knee. The effect of this traumatic arthritis in the right knee on plaintiff's activities as a farm wife in all probability will seriously limit her future walking, carrying, lifting, or any activity which she has involving the use or standing or walking on her leg. It is very definitely a permanent condition.

In addition to the stipulated expenses the record shows plaintiff incurred indebtedness of $500 for a housekeeper during her convalescent period. No contradictory testimony to any of the foregoing testimony was offered by defendant.

I. Rule 244, R. C. P., states that the aggrieved party may, on motion, have an adverse verdict or some portion thereof vacated and a new trial granted for various specified causes set forth therein. Among them is "excessive or inadequate damages appearing to have been influenced by passion or prejudice".

In Elings v. Ted McGrevey, Inc., 243 Iowa 815, 822, 53 N.W.2d 882, 886, we said: "The fact that a verdict may shock the conscience is not the sole test for reducing or setting aside a verdict or granting a new trial. A court may independently exercise these powers when it is convinced that a verdict does not effect justice", citing authorities.

In Torrence v. Sharp, 246 Iowa 460, 464, 465, 68 N.W.2d 85, 88, it is said, "The general rule appears to be that a plaintiff who has been awarded inadequate damages is as well entitled to relief as a defendant who suffers from one which is excessive."

See also Gilbert v. Kinnaird, 229 Iowa 141, 294 N.W. 272; Tathwell v. Cedar Rapids, 122 Iowa 50, 97 N.W. 96.

It is true trial courts have wide judicial discretion in the granting of a new trial but they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of a jury fails to administer substantial justice and that this court is more reluctant to interfere where a new trial is granted than where it is denied. Torrence v. Sharp, supra.

Under this record it appears that plaintiff was awarded over and above her actual expenditures, on account of her injuries, the sum of $1372.44 for pain and suffering and for permanent disability. While we realize that the determination of this question rests with the jury, we also are cognizant of the fact that a verdict often is so large or so small, when viewed in the light of the specific facts, as to indicate a failure upon the part of the jury to properly evaluate the same and to do substantial justice. The instant case appears to be such a case and we hold there was an abuse of judicial discretion upon the part of the trial court in overruling plaintiff's motion for a new trial.

II. One other question is presented. As above stated, defendant's liability is not in issue here and must be taken as a verity. The case must be reversed and remanded for a determination of the amount of damages plaintiff is entitled to receive. The liability has been determined and we see no reason for a resubmission of that issue. It is separate and distinct from the question of amount of damages. To resubmit that issue would be an injustice to plaintiff. See 3 Am. Jur., Appeal and Error, section 1227; Baker v. Incorporated Town of Akron, 145 Iowa 485, 122 N.W. 926, 30 L. R. A., N. S., 619; McCarville v. Ream, 247 Iowa 1, 72 N.W.2d 476; 29 A. L. R.2d 1185; 66 C. J. S., New Trial, section 11a.

The cause is reversed and remanded for further proceedings upon the issue of the amount of damages to be awarded.—Reversed and remanded.

GARFIELD, C. J., and OLIVER, LARSON, THOMPSON, PETERSON, and SNELL, JJ., concur.

THORNTON, J., dissents.

MOORE, J., takes no part.

THORNTON, J. (dissenting)—I agree the case should be reversed and remanded, but I disagree with the remand to try only the question of damages. The facts in this case are such that I am of the opinion that the issues of liability and damages should both be remanded for a new trial.