ALVIN ALLBEE, guardian of Donald Allbee, a minor, appellant, cross-appellee, v. ROBERT BERRY, appellee, cross-appellant.

No. 50795.

(Reported in 119 N.W.2d 230)

January 15, 1963.

Cook & Drake, of Glenwood, for appellant.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, for appellee.

STUART, J.—Plaintiff's ward, his 16-year-old son, who will hereinafter be referred to as plaintiff, was injured while riding as a guest in an automobile owned and operated by the defendant when it was involved in a one-car accident. In the resulting action the jury returned a verdict in favor of the plaintiff in the amount of $821.40, the exact amount of the special damages. Plaintiff appealed claiming the verdict was inadequate. Defendant cross-appealed claiming that a verdict should have been directed in his favor on plaintiff's failure to prove defendant's recklessness.

I. As a decision favorable to defendant on his cross-appeal would eliminate the necessity of considering plaintiff's appeal, we will consider the cross-appeal first.

This is another guest case. We must determine whether the facts in this particular instance viewed in the light most favorable to the plaintiff are sufficient to engender a jury question as to defendant's recklessness. Recklessness is " '* * * more than want of ordinary care. It must be shown that the operator of the vehicle used no care, coupled with a disregard for consequences, and to constitute recklessness, the acts must be such as to manifest a heedless disregard for or indifference to the rights of others. It requires actual knowledge of an existing danger or the presence of danger so obvious that the operator should have knowledge of it and proceeded without heed of or concern for the consequences, and that the conduct of the operator of the vehicle is such that the consequences of his actions are such that the injury is a probability rather than a possibility.' " Lewis v. Baker, 251 Iowa 1173, 1177, 104 N.W.2d 575, 577.

Although there is considerable conflict in the evidence, a jury could find the facts hereinafter set out from the record.

The defendant and his guests left the Allbee home in Thurman in an attempt to catch up with a car driven by Roger Patterson before it reached a "T" intersection with highway 275 four miles away. Defendant was well acquainted with the road and had driven over it many times.

There is a crest of a hill one-quarter to one-half mile west of the intersection. It is downhill east to the intersection from that point. At the top of the hill is a 2' x 2' sign warning, "Stop Ahead". Six hundred feet west of the stop sign is a 4' x 4' sign, "Stop Ahead". The stop sign is 110 feet from the intersection. There were several other highway signs indicating the intersection. Two to two and one-half miles west of the intersection the speedometer in defendant's 1947 Chrysler registered between 100 and 105 miles per hour. He did not seem to slow down. At the top of the hill he was asked to put on the brakes but he did not do so. About one-half way down the hill he passed the Patterson car at a speed of 80 to 100 miles per hour. About 200 to 250 feet from the intersection he applied the brakes, but was unable to stop. He left skid marks 144 feet on the highway, then went onto the shoulder, jumped a fence and ended up 80 feet in a field with the bumper down in the dirt. He was asked three or four times to apply the brakes as they came down the hill.

There is testimony as to a brake failure and the sheriff testified the skid marks were made by a car trying to turn and were not like braking skid marks. However the evidence is not conclusive. The jury could have found that the brakes functioned properly or that defendant could not have stopped had they worked. There was no evidence of brake trouble at any prior time.

This evidence is sufficient to raise a jury question of recklessness under the definition hereinabove set out. To hold otherwise would require us to say as a matter of law that a person who, although thoroughly familiar with the road, proceeds downhill toward a "T" intersection at which he must stop, at a speed in excess of 100 miles per hour, passes a car on the way and does not apply his brakes until he is within 200 to 250 feet of the intersection is not guilty of recklessness. This we cannot

do. Reasonable minds could conclude that such speed under these particular circumstances constitutes recklessness. Lewis v. Baker, ibid.

There was evidence from which the jury could have concluded that the accident did not happen in this manner, but the factual dispute was for the jury's determination. The size of the verdict returned indicates that some of the jurors were not convinced of defendant's liability. This issue is discussed in the following division.

II. Plaintiff filed a motion for new trial based upon the inadequacy of the verdict. Rules which govern the trial court and this court when the award is excessive also apply in instances when the award is inadequate. We said in Tathwell v. City of Cedar Rapids, 122 Iowa 50, 54, 97 N.W. 96, 97: "* * * the power to set aside the verdict, when manifestly inconsistent with the evidence, and the result of a misconception by the jury of their powers and duties, is as fully recognized where the verdict is inadequate as where it is excessive; * * *". This decision has been recently reaffirmed in Webster v. City of Colfax, 250 Iowa 181, 93 N.W.2d 91, and Feldhahn v. Van DeVenter, 253 Iowa 1194, 115 N.W.2d 862. The Feldhahn case closely parallels this case as the trial court in both instances refused to grant a motion for new trial. There are few cases in Iowa involving appeals from inadequate verdicts as juries are generally not inclined to undervalue the injuries.

In this case the evidence on damages was uncontradicted. Plaintiff offered the evidence of Dr. William Kerr, plaintiff's father and mother and his own testimony. Defendant offered no evidence upon this issue. In brief the evidence showed that the plaintiff suffered shock, numerous severe lacerations, fractured jaw, broken collar bone, shoulder separation and a fractured foot. There was permanent injury to the foot and a pronounced scar on the forehead. Doctor Kerr saw plaintiff from June 26 to June 30 following the accident and referred him to a dental surgeon and orthopedic surgeon for treatment. Doctor Kerr testified the fair and reasonable value of his services was $100. In pretrial conference it was agreed if proper persons were called as witnesses they would testify as to the fair and

reasonable value of medical and hospital services totaling $721.40. This total sum of $821.40 was given the jury in the instructions as the maximum amount they could find for special damages. The jury was also instructed on past and future pain and suffering and permanent disability "not to exceed $50,000."

The jury returned a verdict for $821.40, the exact amount of the special damages. Plaintiff moved for a new trial. The trial court should have sustained this motion.

"The fact that a verdict may shock the conscience is not the sole test for reducing or setting aside a verdict or granting a new trial. A trial court may independently exercise these powers when it is convinced that a verdict does not effect justice or that a jury has not done its duty." Elings v. Ted McGrevey, Inc., 243 Iowa 815, 822, 53 N.W.2d 882, 886; Feldhahn v. Van De-Venter, 253 Iowa 1194, 1196, 115 N.W.2d 862, 864.

"Courts are usually indisposed to increase verdicts for damages rendered by juries, for the reason that they rarely underestimate them; still such verdicts are subject to the supervision of the court, and in cases where the justice clearly declares that the jury has failed to perform its duty, or where, in the light of all the evidence, the amount awarded is so small and at variance with the facts that it is evident that the jury must have overlooked some material element of damage, or misconceived or misinterpreted the facts which should have guided it to a just conclusion, the courts have extended relief, either by increasing the verdict or granting a new trial. The more general proceeding in such cases, however, is to set aside the verdict as being inadequate under the circumstances." 25 C. J. S. 912, Damages, section 196.

Without discussing whether this court has the power to increase the amount of the verdict under Iowa law, we hold that under the circumstances the verdict should be set aside and a new trial granted on all issues.

If we assume that the jury found the defendant's liability had been established, the award in an amount equal to the special damages is grossly inadequate. While it is true, as the trial court stated, there is no showing that the award was for special damages only, it is the logical assumption. Even if it

718

included a sum for personal injuries, the evidence was such that the plaintiff should have been entitled to a substantially greater sum, if anything. A verdict of this size indicates that the jury must have misapprehended their duties as given them in the court's instructions, been governed by passion and prejudice or compromised the question of liability. In any event the result is the same and plaintiff is entitled to a new trial.

This verdict appears to have been the result of a compromise. There is a serious question as to defendant's liability. Some members of the jury could well have believed that the defendant was not reckless and that his brakes actually failed. Others could have felt that plaintiff by his conduct assumed the risk. A verdict in this amount after nearly ten hours deliberation is a strong indication that there was considerable debate upon the question of liability and that they could agree to a decision for the plaintiff only if the damages were limited to out-of-pocket expense. Such an inference may properly be drawn from the inadequacy of the award and the conflict of evidence on the question of liability. 66 C. J. S. 98, New Trial, section 11(5). A compromise in which one gives up a conscientious position on the separate issue of liability is ground for a new trial.

"Where, however, the compromise agreement was such that, in order to adjust differences, some of the jurors surrendered their conscientious convictions as to material issues or right of recovery in return for certain concessions by other jurors on another issue or issues, and a verdict was rendered accordingly, a new trial is warranted, as where it is obvious that the prevailing party was entitled to much more than the verdict granted him under the compromise." 66 C. J. S. 187, New Trial, section 59. Also see 89 C. J. S. 112, Trial, section 472.

In the Feldhahn case a new trial was granted upon the issues of damages only. In that case liability was taken as a verity. Here liability has been contested throughout and challenged to the extent that a cross-appeal was filed claiming there was no liability as a matter of law. In fairness to both parties there should be a new trial on all issues.

"If, from the inadequacy of the damages awarded, in

view of the evidence on the subject, or the conflict of the evidence upon the question of liability, or from other circumstances, the plain inference may be drawn that the verdict is the result of a compromise, such error taints the entire verdict, and a new trial should be ordered upon all issues." 98 A. L. R. 941, 944. See also 85 A. L. R.2d 9, 27, 32.

■ A new trial should never be ordered on the issue of damages alone where there is ground for suspicion that some of the jurors have conceded liability against their judgment in return for a reduction in the estimate of the amount of damages by others. Under such circumstances a new trial upon the issue of damages alone would be a serious injustice to the defendant. He is entitled to have the issue of liability determined by the conscientious conviction of all jurors before the question of damages arises. 66 C. J. S. 98, New Trial, section 11(5).— Reversed on plaintiff's appeal, affirmed on defendant's cross-appeal and remanded for new trial on all issues.

All JUSTICES concur.