Harmie SCHMATT, Appellee and Cross Appellant,

v.

Don ARENZ, Sr., and Don Arenz, Jr., Appellants and Cross Appellees.

No. 53889.

Supreme Court of Iowa.

May 5, 1970.

John K. Von Lackum, Jr., Cedar Rapids, for appellee and cross appellant.

John D. Randall, Cedar Rapids, for appellants and cross appellees.

UHLENHOPP, Justice.

We have here to decide whether plaintiff in a rear-end automobile collision case should have a new trial on the ground the jury awarded inadequate damages and if so whether the second trial should be on damages alone.

Plaintiff Mrs. Harmie Schmatt, born in 1914, is a waitress. Since 1954 she has been employed from time to time at a cafe now called Ole's Ham'n Egger in Cedar Rapids, Iowa. Prior to and in 1964, she had some low back trouble and was treated for it.

On September 27, 1965, plaintiff stayed with her mother-in-law who was ill with a stroke. Paul Zahn worked with her husband for a gas appliance firm. That afternoon she was unable to reach her husband to take her home, and at her request Zahn undertook to do so in his car.

Zahn and plaintiff were proceeding east on First Avenue Southeast in Cedar Rapids. According to plaintiff's evidence, Zahn slowed down and stopped behind some other cars, and plaintiff and Zahn visited while awaiting for traffic to clear. When it cleared, Zahn proceeded ahead but his car was struck forcibly from the rear by a car owned by Don Arenz, Sr. and driven with his consent by Don Arenz, Jr. According to defendants' evidence, the Zahn and Arenz cars were both proceeding along; Zahn suddenly applied his brakes; and young Arenz also applied his brakes but was unable to avoid collision.

Plaintiff testified she was violently precipitated forward and backward in the Zahn car, and after the collision was unable to get out because of a knife-like pain in her lower back and severe soreness. Her head ached and she could not turn around. She was taken to a hospital and "passed out" three times. She was in traction a week and hospitalized ten days, and was given tranquilizers and muscle relaxants. After she went home she wore a corset with staves in it and had a board under her mattress. She was unable to do much housework, could not sleep, suffered substantial discomfort, and missed work as a waitress for a considerable period. Her

attending physician diagnosed her condition as acute cervical strain ("whiplash") and a strain in the lumbar sacral area. The physician testified that if plaintiff lifted excessively heavy loads after her release from the hospital, her condition could be accentuated, and evidence was introduced that plaintiff did lift heavy loads of dishes in 1965 after the time of the collision.

In the spring of 1966 plaintiff's back condition grew worse. The pain radiated into the left hip and down the left leg, and was much more severe. Conservative treatment was unsuccessful. An orthopedic physician was called in, examined her, and did a myelogram. His diagnosis was a strain of the low back and a fourth lumbar disk herniation, caused by the collision; and a preexisting degenerative narrowing of the fifth lumbar intervertebral space, not caused by the collision. In his opinion a laminectomy and spinal fusion were indicated. He thought a fusion was not required for the preexisting condition, but it would benefit both conditions.

Plaintiff consented to surgery, which was performed on May 4, 1969. The orthopedist testified this is very major surgery and would cause much pain and suffering. He thought the result was good as distinguished from excellent, and that plaintiff has 15 to 20 percent permanent partial disability.

Plaintiff offered evidence of loss of earnings at 90 cents per hour for her work weeks from the time of the collision until January 1967, and of medical expenses of $2,732.25.

The trial court submitted the question of liability to the jury, and on damages submitted medical expense, pain and suffering, past loss of earnings, and future disability. On December 21, 1967, the jury found for plaintiff in the sum of $783.25. The next day the trial court by calendar entry directed the clerk not to enter judgment until further order. On December 28, 1967, plaintiff filed a motion for new trial on the ground of inadequate damages, and asked that the second trial be confined to damages. On January 11, 1968, plaintiff requested the trial court to direct entry of judgment on the verdict, and judgment was entered that day. On January 17, 1968, defendants paid the judgment and received a satisfaction and cancellation of the judgment from the clerk. Later the clerk mailed a check for the judgment to plaintiff's counsel, who promptly returned it to the clerk.

Defendants filed resistance to the motion for new trial and subsequently moved to dismiss it as well. On February 2, 1968, hearing was held, and on February 20, 1968, the motion for new trial was sustained but both liability and damages were ordered retried.

The appeal presents three issues: (1) Could plaintiff urge her motion for new trial after securing entry of judgment and after defendants paid the judgment to the clerk? (2) Was a new trial properly granted? and (3) Ought the new trial be confined to damages?

I. On the first issue, defendants are apparently relying on the rule that a motion for new trial may be waived by adopting a position inconsistent with the motion. Larimer v. Platte, 243 Iowa 1167, 53 N.W. 2d 262; 39 Am.Jur., New Trial, secs. 14, 15, pp. 39–41. The most common example is receiving the fruits of a verdict by accepting payment. 66 C.J.S. New Trial § 9, p. 84. Defendants also contend that when judgment was entered and paid, the case was at an end and the trial court's authority over it terminated.

■ The procedure under our rules, following verdict, is for the clerk to enter judgment forthwith. Rule 223, Rules of Civil Procedure; see too Rule 250. The practice was the same under the Code. Code, 1939, sec. 11575; Cox v. Southern Surety Co., 208 Iowa 1252, 226 N.W. 114. The judgment entry of course creates the judgment lien and starts interest running on the judgment itself.

But litigants have ten days after verdict to file motions for new trial. Rule 247, R.C.P. Thus in the usual course of events, judgment has been entered by the time the motion is filed. If a motion is filed, the court may stay enforcement of the judgment pending disposition of the motion. Rule 246.

■ In this case the trial court, anticipating a motion for new trial, initially directed the clerk to withhold entry of judgment. Plaintiff filed her motion for new trial within ten days after verdict, and requested that judgment be entered. This she had a right to do. She did not know whether the trial court would sustain her motion, and she was entitled to have judgment entered on the verdict in any event. When a motion for new trial is timely filed, a trial court does not lose control over the case because judgment is or has been entered under Rule 223. See 66 C.J.S. New Trial § 9, p. 82 ("No estoppel arises against a petition for a new trial by reason of the judgment in the original action.").

■ Nor did payment of the judgment by defendants constitute a waiver by plaintiff of her motion. As also stated in 66 C.J.S. New Trial § 9, p. 82, "The right to file a motion for a new trial may be waived or lost, as by the assertion of some right inconsistent with the assertion of the right to a new trial; but the right given by statute to file a motion for a new trial within a specified period is a valuable privilege which should not be held to be waived except on clear authority." If plaintiff had accepted the money from the clerk, a different situation would exist. But it would be anomalous if one party to an action could, by simply paying the judgment, deprive the other party of a new trial.

■ II. The next issue is whether plaintiff ought to have a new trial on the ground inadequate damages were awarded. An inadequate award warrants a new trial as much as an excesive one. Torrence v. Sharp, 246 Iowa 460, 68 N.W.2d 85 ($1,250 awarded for medical expense, three months loss of earnings, and pain and suffering—new trial granted); Shewry v. Heuer, 255 Iowa 147, 121 N.W.2d 529. Were it not for plaintiff's preexisting low back condition, there could be no question that the present award of $783.25 is inadequate.

The situation is complicated by the narrowed fifth lumbar intervertebral space. This was causing discomfort before the collision. After the collision plaintiff not only had what her attending physician called a whiplash in the upper spine, she also had a fourth lumbar ruptured disk. Both physicians thought the latter resulted from the collision. The trial court submitted the whole question of damages to the jury.

■ The verdict for plaintiff indicates she established liability. Like the trial court, we have difficulty understanding the verdict as to damages. If plaintiff sustained a whiplash and a ruptured disk in the collision, and if she established liability as the verdict supposes, a verdict of $783.25 would be wholly inadequate. If plaintiff did not sustain a whiplash and ruptured disk in the collision, she did sustain injuries which put her in the hospital for ten days, required traction and the attendance of a physician, lost her time from work, incapacitated her for housework for a period, and resulted in considerable pain. In that event $783.25 would not seem adequate. A verdict for defendants would be understandable. A verdict for plaintiff for $783.25 under the circumstances here is harder to comprehend.

■ In this situation we think the question is ruled by the discretion which is reposed in trial courts to grant another trial when convinced a verdict is inadequate. "Under the well-settled and frequently announced rule, an order granting a new trial for inadequacy of damages will be set aside only if it affirmatively appears that it con-

stituted an abuse of the broad discretion vested in the trial court. We are more reluctant to interfere with the granting of a new trial than with refusal to allow the relief." Gilbert v. Kinnaird, 229 Iowa 141, 144, 294 N.W. 272, 273. It does not appear the trial court abused his discretion here.

■ III. The final issue is whether the second trial should be limited to damages as was done in Feldhahn v. Van DeVenter, 253 Iowa 1194, 115 N.W.2d 862, and Dailey v. Holiday Distributing Corp., 260 Iowa 859, 151 N.W.2d 477. It was stated in Guinn v. Millard Truck Lines, Inc., 257 Iowa 671, 684, 134 N.W.2d 549, 558, "In Feldhahn v. Van DeVenter, 253 Iowa 1194, 115 N.W.2d 862, this court recently ordered a new trial as to damages only. While we have recognized the modern device of granting partial retrials, we have also said this device must be exercised 'with caution.' Larimer v. Platte, 243 Iowa 1167, 1176, 53 N.W.2d 262. Nevertheless, it appears when there are separate verdicts or judgments, and there is no danger of complications, this procedure is becoming widely sanctioned by statute, court rule, and decision. See 66 C.J.S. New Trial § 11a, page 89; 39 Am.Jur., New Trial, § 22. It is especially adaptable where liability of defendant is definitely established."

In this case the trial court employed a general verdict. While plaintiff's evidence on liability was substantial, defendants generated a genuine issue by contrary evidence. The trial court may have thought the jury intermixed liability and damages. In any event, he concluded the entire case ought to be retried. We are not persuaded we should interfere.

Costs here two-thirds to appellants and one-third to appellee.

Affirmed.

All Justices concur.