Dennis C. WITTE, Appellant,

v.

Robert C. VOGT, Appellee.

No. 88–1311.

Supreme Court of Iowa.

July 19, 1989.

Michael J. Galligan and Dennis P. Ogden of Galligan & Conlin, P.C., Des Moines, for appellant.

Steven J. Holwerda of Selby, Updegraff, Smith & Holwerda, Newton, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

Dennis Witte, the plaintiff, suffered life-threatening injuries when his automobile was struck from behind by a truck operated by Robert Vogt, the defendant. In his subsequent suit against Vogt, the jury awarded Witte $12,000, about $800 more than his special damages. Witte moved for a new trial, claiming that the verdict was inadequate. After the district court denied his motion, Witte appealed, raising the same issue. We agree that the verdict was inadequate. We therefore reverse and remand for a new trial on the issue of damages only.

On February 26, 1987, Witte was driving his Ford Bronco west on Highway 6 in Jasper County, Iowa. Ahead of Witte's automobile, Patricia Large was slowing her automobile to a near stop with her left turn signal flashing, as she was preparing to make a left turn. Responding to the movement of Large's automobile, Witte also slowed down and was either prepared to stop or had stopped. At this point, the Bronco was struck from behind by a pickup truck driven by Vogt, who was also going west. The force of the collision propelled the Bronco across the eastbound lane into a steep ditch, where it landed on its side. Witte, who was wearing a seat belt at the time of the collision, was able to exit the Bronco by crawling out the back window.

An ambulance quickly transported Witte to Grinnell General Hospital, where he underwent emergency surgery because of bleeding from internal injuries. Doctors repaired a five-inch tear in the connecting tissue between the rear wall of the abdominal cavity and the small bowel. The doctors also found the source of the bleeding—a torn large artery, which they closed. During the surgery, Witte was given six pints of blood. Additionally, Witte suffered a cracked rib, numerous bruises and contusions, and an aggravation of a preexisting neck injury. The surgery left Witte with an external scar extending from the sternum to the pubic bone. After convalescing, Witte returned to work on May 12, 1987.

Witte filed suit against Vogt, and the case was tried to a Jasper County jury in August 1987. The parties stipulated that as a result of his injuries from the collision, Witte had incurred medical expenses totaling $6507.39. Medical testimony that Witte might develop a bowel obstruction and an incisional hernia as a result of the surgery was admitted without objection. The cost for surgical repair of such a hernia was put at $2500.

A letter from the Maytag Company, Witte's employer, concerning his lost wages was also admitted without objection. The letter indicated that Witte had lost $4684.16 in wages between the date of the collision and May 12.

The jury returned a verdict, finding Vogt completely at fault and fixing Witte's damages at $12,000. Following the court's entry of judgment for this amount, Witte filed a motion for a new trial, alleging the verdict was inadequate. The motion was denied. It is from this ruling that Witte has appealed.

■ I. An inadequate award merits a new trial as much as an excessive one. Iowa R.Civ.P. 244(d); *accord Allbee v. Berry*, 254 Iowa 712, 716. 119 N.W.2d 230, 232 (1963). We review this question to correct an abuse of discretion. *Householder v. Town of Clayton*, 221 N.W.2d 488, 493 (Iowa 1974). Thus, when the verdict is manifestly inadequate, we consider the refusal of the district court to grant a new trial an abuse of discretion that is subject to reversal. *DeMoss v. Brown Cab Co.*, 218 Iowa 77, 78, 254 N.W. 17, 17–18 (1934). The question of whether damages in a particular case are inadequate turns on the particular facts of that case. *Householder*, 221 N.W.2d at 493. If uncontroverted facts show that the amount of the verdict bears no reasonable relationship to the loss suffered, the verdict is inadequate. *Id.;* accord *Olsen v. Drahos*, 229 N.W.2d 741, 742 (Iowa 1975).

■ When we apply these principles to this case, it is clear to us that the verdict was inadequate. It is undisputed that the out-of-pocket expenses for medical services and lost wages totaled $11,191.55, leaving $808.45 of the verdict for all the other elements of damages. Those elements included past and future pain and suffering, past disability, disfigurement, and future medical expenses, all of which appear in the court's damage instruction to the jury.

According to the surgeon who did the surgical repairs, Witte, immediately before the surgery, was having severe abdominal pain and was in hypovolemic shock from excessive blood loss. Using layman's terms, the surgeon explained that hypovolemic shock results from loss of a large portion of the body's blood supply, a life-threatening condition.

The hospital records document that Witte was in considerable pain following surgery. A cracked rib discovered after his release from the hospital contributed to Witte's discomfort. He also suffered neck pain and was treated for this condition from May through October 1987.

The surgical scar, of course, is permanent. Witte testified that the scar was a source of embarrassment to him and gave him discomfort when he lifted or stretched. The surgeon testified that such discomfort could be expected to continue for about two years, the normal healing period for such a scar.

Bowel obstruction necessitating surgery in the future at a cost of $2500 could also result. Witte testified that he was having bowel problems. Significantly, this was almost eighteen months after surgery.

In our view, $808.95 bears no reasonable relationship to these elements of damages. We recognize that the determination of damages is peculiarly within the domain of the jury, but

> we also are cognizant of the fact that a verdict often is so large or so small, when viewed in the light of the specific facts, as to indicate a failure upon the part of the jury to properly evaluate the same and to do substantial justice.

*Feldhahn v. Van DeVenter*, 253 Iowa 1194, 1197, 115 N.W.2d 862, 864 (1962). Considering Witte's injuries, the pain and suffering endured and likely to be endured, the permanency of the scar, and the chance

of future medical problems and attendant costs, we think the jury in this case failed to properly evaluate these elements and thereby failed to do substantial justice.

Similarly, while we recognize that trial courts have wide judicial discretion in the granting of a new trial, we remind them that

> they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of a jury fails to administer substantial justice and that this court is more reluctant to interfere where a new trial is granted than where it is denied.

*Id.* Because we have determined that the verdict here was inadequate, we conclude the district court abused its discretion and committed reversible error in denying Witte's motion for a new trial. *See id.* (abuse of discretion to deny motion for new trial where amount for pain and suffering and for permanent disability was inadequate).

II. The jury assigned 100% fault to Vogt, indicating in its view that Vogt was totally at fault for the collision. In these circumstances, we see no reason for resubmission of the issue of liability on remand. *See Householder*, 221 N.W.2d at 493 (new trials generally granted on whole case and on all issues except when liability of defendant is clearly established).

III. This case is reversed and remanded for a new trial on the issue of damages only.

REVERSED AND REMANDED WITH DIRECTIONS.